# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| SUMMER INFANT (USA), INC., ) | |
| ) | C.A. No. 17-cv-549 |
| Plaintiff/Counter-Defendant, ) | |
| v. ) | District Judge John J. McConnell, Jr. |
| ) | |
| TOMY INTERNATIONAL, INC., ) | Magistrate Judge Patricia A. Sullivan |
| ) | |
| Defendant/Counterclaimant. ) | |

## MOTION FOR CLAIM CONSTRUCTION ORDER BY DEFENDANT/COUNTERCLAIMANT TOMY INTERNATIONAL, INC.

Defendant/Counterclaimant, TOMY International, Inc. ("TOMY") hereby moves for an order determining as a matter of law the claim constructions for various patent claim terms and phrases as are discussed herein. For the reasons below and in the memorandum in support, TOMY's proposed claim constructions should be ordered by this Court.

This is a patent infringement case. The patent at issue is U.S. Patent No. 6,578,209 ("'209 Patent). TOMY is the owner of the '209 Patent (Ex. 1), and is an industry leader in several product areas including toys and infant products. The '209 Patent was issued to TOMY's predecessor-in-interest, The First Years, Inc. on June 17, 2003. The general subject matter of the '209 Patent is a bath tub for infants and toddlers.

The invention of the '209 Patent is set forth in the patent claims – the numbered paragraphs at the end of the patent. These claims define the metes and bounds of the invention. Arlington Indus., Inc. v. Bridgeport Fittings, Inc., 632 F.3d 1246, 1252 (Fed. Cir. 2011). The '209 Patent includes 31 claims, each of which defines a specific invention. The asserted claims in this case are claims 1-8, 12, 15, 18, 21, and 23-31. Claim 1 is given as an example.

> 1. A tub for bathing children, the tub comprising a molded plastic body having an upper rim and defining a bathing basin sized for bathing a young child and having a bottom surface and opposing side walls forming opposite ends of the basin,

a first of the opposing side walls extending at a first incline angle with respect to the rim, and a second, opposite one of the opposing side walls extending at a second incline angle with respect to the rim, the first and second inclined side walls forming first and second back rests for children seated in the tub in different orientations;

the bottom surface having two seating surfaces disposed at differing inclinations and extending from respective back rests to distal edges joined at a bottom surface apex spaced from either end of the basin, each seating surface forming, together with a respective one of the back rests, an inclined seat;

wherein the body has a nominal thickness and upper and lower surfaces having matching shape across an overall extent of the tub so as to enable the tub to nest within an identical tub with a nesting space differential of less than about two inches (five centimeters). Ex. 1, col. 6:28-51.

As shown in claim 1, the invention of the '209 Patent is directed to a children's tub that provides for two seating orientations, one that is for bathing an infant when seated in one orientation, and a second for bathing a toddler when seated in a second orientation. Id. at col. 1:36-51. Tubs of this type are sometimes referred to as multi-stage tubs, because they allow for children of different stages, e.g., infant and toddler, to grow with the product. A further feature of the claimed tub is that it is configured such that when multiple units of the tubs are stacked, they nest efficiently with one another so as so minimize shipping costs and to allow greater numbers of tubs to be displayed by the retailer in an allotted shelf space. Id. at col. 1:52-2:11.

The commercial embodiment that TOMY contends is covered by the '209 Patent is called the Sure Comfort Deluxe tub, and has been sold since the early 2000's. For ease of reference, this tub is referred to herein as the "TOMY Tub" despite it being initially sold by TOMY's predecessor-in-interest, The First Years, Inc.

Plaintiff/Counter-Defendant, Summer Infant (USA), Inc. ("Summer Infant") is a direct competitor of TOMY for many infant products. One such area of direct competition is in infant bathing. Like the TOMY Tub, the Summer Infant's Accused Product is also a children's tub that

allows for bathing an infant seated in one orientation, or a toddler seated in a second orientation. Also similar to the TOMY Tub, the Accused Product is configured such that when multiple units of the tubs are stacked, they nest efficiently and fit within the same shelf space as that of the TOMY Tub. After repeated failed attempts to sell earlier versions of its multi-stage tubs to Wal-Mart, Summer Infant engaged in a very aggressive project to design and manufacture a new tub to displace the TOMY Tub at Wal-Mart. The Accused Product was first sold by Summer Infant beginning in the fall of 2017.

Soon after introduction of the Accused Product, TOMY sent Summer Infant a letter alleging that it was infringing the '209 Patent through its manufacturing, and sales of the Accused Product. Summer Infant responded to the letter from TOMY by filing a complaint for a declaratory judgment of patent non-infringement. Dkt. 1. TOMY answered the complaint and counterclaimed with allegations of willful patent infringement. Dkt. 8.

Determining patent infringement is a two-step process. The first step is to determine the scope and meaning of the patent claims asserted, and the second step is to compare the properly construed claims to the allegedly infringing device. Cybor Corp. v. FAS Techs., Inc., 138 F.3d 1448, 1454 (Fed. Cir. 1998) (en banc). This first step, aka claim construction, is an issue of law for the court. Teva Pharm. USA, Inc. v. Sandoz, Inc., 135 S.Ct. 831, 841 (2015).

Claim terms must be given the ordinary and customary meaning that the term would have to a person of ordinary skill in the art. Phillips v. AWH Corp., 415 F.3d 1303, 1313 (Fed. Cir. 2005) (en banc). A court is to look first and foremost to the "intrinsic evidence," which consists of the patent's claim language, the specification and written description, and the prosecution history, to determine the meaning of disputed claim terms. Phillips v. AWH Corp., 415 F.3d 1303, 1311-17 (Fed. Cir. 2005) (en banc). A patentee is normally entitled to the full scope of its

claim language, Home Diagnostics, Inc. v. LifeScan, Inc., 381 F.3d 1352, 1358 (Fed. Cir. 2004), and a departure from this general rule may be warranted only where the patentee either clearly sets forth a different definition of a claim term in the specification or disavows the full scope of the claim term during prosecution. See Thorner v. Sony Comput. Entm't Am. LLC, 669 F.3d 1362, 1365-66 (Fed. Cir. 2012). A patentee may also act as its own lexicographer by clearly setting forth a definition of a claim term or phrase in the intrinsic evidence. CCS Fitness, Inc. v. Brunswick Corp., 288 F.3d 1359, 1366 (Fed. Cir. 2002).

Per the Scheduling Order, the parties exchanged their claim construction positions regarding various claim terms. Exs. 2, 3.  A table of the claim terms from the patent, and each party's contentions as exchanged is provided below.

| *Claim term/phrase at issue* | *TOMY's Proposed Construction* | *Summer Infant's Proposed Construction* |
|---|---|---|
| "Molded plastic body" | one piece plastic body formed from a mold | "Dictionary definition" |
| "Seating surface(s)" | a surface that supports the posterior or buttocks of the user when seated | "Dictionary definition" |
| "Distal edges joined at a bottom surface apex" | Distal edge:  an area of a seating surface situated furthest away from its respective back rest.<br>Joined: connected either directly or indirectly by an intervening structure.<br>Bottom surface apex: a high point of the bottom surface of the body between the seating surfaces.<br>Construction of overall limitation: areas of the seating surfaces situated furthest away from their respective back rests are connected directly or indirectly by an intervening structure at a high point of the bottom surface of the body between the seating surfaces | "Dictionary definition" |
| "Nesting space differential less than about two inches (five centimeters)" | the difference in height between n tubs and n+1 tubs is less than approximately two inches (five centimeters). | "Dictionary definition" |

4

| *Claim term/phrase at issue* | *TOMY's Proposed Construction* | *Summer Infant's Proposed Construction* |
|---|---|---|
| "Stacking factor less than about 20%": | the stacking factor is the result of the calculation of $(H_{two\ tubs} - H_{single\ tub})/ H_{single\ tub} *100$, which must be less than approximately 20% (where H = height). | "Dictionary definition" |
| "Wale" | a ridge-like structure | "Dictionary definition" |

TOMY's proposed claim constructions should be adopted by this court. TOMY's claim constructions are fully supported by the intrinsic evidence and are consistent with how persons of ordinary skill in the art would understand the claims. By contrast, Summer Infant merely takes the position that unidentified "dictionary definitions" are the proper construction. Summer Infant's contentions are not claim constructions at all, and its reliance on purported dictionary definitions runs afoul of the established precedent on patent claim construction.

       Accordingly, TOMY's claim constructions should be adopted by this Court.


Dated: May 22, 2019                    Respectfully submitted,

                                          s/ Joseph M. Kuo
                                          Joseph M. Kuo (admitted pro hac vice)
                                          Illinois Bar No. 6216400
                                          Saul Ewing Arnstein & Lehr, LLP
                                          161 N. Clark Street, Suite 4200
                                          Chicago, IL 60601
                                          312-876-7151
                                          Joseph.kuo@saul.com

                                          Zachary W. Berk (R.I. Bar No. 7453)
                                          Saul Ewing Arnstein & Lehr, LLP
                                          131 Dartmouth Street, Suite 501
                                          Boston, MA 02116
                                          Zachary.berk@saul.com

## CERTIFICATE OF SERVICE

I hereby certify that on May 22, 2019, a true copy of this document was send via the court's electronic filing system to all counsel of record. In addition, a copy of this document was served on the following via electronic mail:

> Jeffrey K. Techentin (jtechentin@apslaw.com)
> Jaime Bachant (jbachant@apslaw.com)
> ADLER POLLOCK & SHEEHAN P.C.
> One Citizens Plaza, 8th Floor
> Providence, RI 02903
>
>
> <u>s/ Joseph M. Kuo</u>

34910116.1 05/22/2019