UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| SUMMER INFANT (USA), INC., : | |
|     Plaintiff/Counter Defendant, : | |
| : | |
| v. : | C.A. No. 17-549MSM |
| : | |
| TOMY INTERNATIONAL, INC., : | |
|     Defendant/Counter Claimant. : | |

**MEMORANDUM AND ORDER**

PATRICIA A. SULLIVAN, United States Magistrate Judge.

This case arises from U.S. Patent No. 6,578,209 ("'209 Patent"), titled "Tubs for Bathing Infants and Toddlers," which issued on June 17, 2003, and is owned by Defendant TOMY International, Inc. ("TOMY"). Plaintiff Summer Infant (USA), Inc., ("Summer Infant") designs, markets and distributes an infant/toddler bathing tub (the "Accused Product"); on November 14, 2017, TOMY sent Summer Infant a cease and desist letter, asserting that the Accused Product infringes the '209 Patent. Summer Infant responded by initiating this action seeking a declaration that the Accused Product does not infringe. TOMY counterclaimed alleging infringement. Summer Infant's answer to the counterclaim included an affirmative defense and a counterclaim to TOMY's counterclaim; both alleged that the '209 Patent is invalid. ECF No. 10 at 5 ("the Asserted patent is invalid for failure to meet the requirements of the Patent Act, 35 U.S.C. § 1, *et seq.*, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112"); see id. at 9 (same).

Despite having asserted this affirmative defense, Summer Infant delayed in serving its fourth supplementation of its interrogatory answers, which included the second supplementation of the response to Interrogatory No. 2, the contention interrogatory on invalidity, until the brink of the close of fact discovery. In reliance on an admittedly non-disclosed reference (the "'741

Patent"), on the last day, it sought and obtained an extension of the fact discovery deadline of two weeks after the completion of a pending Fed. R. Civ. P. 30(b)(6) deposition for the purpose of supplementing this answer. On July 2, 2019, Summer Infant served its fourth supplemental answers, which included a new and much longer answer to Interrogatory No. 2. Arguing that Summer Infant's motion to extend was disingenuous and, in any event, that the Court's extension was narrowly limited to the '741 Patent, the non-disclosed reference, TOMY contends that Summer Infant's more expansive supplementation is a material and prejudicial violation of the Court's Amended Scheduling Order (ECF No. 22), as amended and as extended by the Court's Text Order of May 14, 2019, (the "pretrial order"). TOMY has asked the Court to sanction Summer Infant by excluding the fourth interrogatory supplementation in its entirety, a consequence that Summer Infant contends is a death-knell sanction that would effectively be dispositive of its defense of invalidity.

TOMY's motion to exclude (ECF No. 42) has been referred to me for determination pursuant to 28 U.S.C. § 636(b)(1)(A).[1] For the reasons that follow, it is denied.

## I. BACKGROUND

During the fact discovery phase of this case (which ended on May 10, 2019), TOMY appropriately propounded contention Interrogatory No. 2 to explore "Summer Infant's legal and factual basis for its invalidity contentions related to the '209 Patent." ECF No. 42-3 at 3. In its initial response, Summer Infant supplied an answer that it now says was a mistake: "Summer Infant's Complaint does not allege invalidity of the '209 Patent. To the extent Summer Infant

---

[1] At a phone conference with the parties, I told them that I would write a report and recommendation on the motion to exclude. On further reflection, I find that the motion falls within the purview of 28 U.S.C. § 636(b)(1)(A). See Boucher v. Ne. Log Homes, Inc., No. Civ.04-84-P-C., 2005 WL 758470, at *6 (D. Me. Mar. 8, 2005), adopted sub nom. Boucher v. Cont'l Prod. Co., 365 F. Supp. 2d 1 (D. Me. 2005) (magistrate judge issues decision on motion to exclude, but issues report and recommendation on summary judgment motion); Russo v. Baxter Healthcare Corp., 51 F. Supp. 2d 70, 75 (D.R.I. 1999) ("Generally, motions for sanctions pursuant to Rule 37 are heard by magistrate judges as pretrial matters.").

amends its Complaint to allege invalidity of the '209 Patent, Summer Infant will supplement or amend this Answer in accordance with the Federal Rules of Civil Procedure." ECF No. 42-4 at 4. In reliance on this answer, TOMY did not include the affirmative defense of invalidity in its Fed. R. Civ. P. 30(b)(6) deposition topic list, and, when asked about invalidity, Summer Infant's Fed. R. Civ. P. 30(b)(6) deposition designee, who was not prepared on invalidity, testified that he did not have "an understanding as to the factual basis for th[e invalidity] allegation." ECF No. 42-7 at 4. It seemed to TOMY that the affirmative defense of invalidity had been abandoned.

On March 29, 2019, still well prior to the close of fact discovery,[2] Summer Infant shifted course. It supplemented its interrogatory answer on invalidity, averring that the '209 Patent is invalid as obvious in view of "at least" eight references – "individually or in combination" – listed in the answer. ECF No. 42-5 at 3. This new answer to Interrogatory No. 2 also asserts that the '209 Patent is invalid under 35 U.S.C. § 112 because "its specification is insufficient," as well as because the claims fail to inform one skilled in the art with reasonable certainty about the scope of the invention. Two terms of the '209 Patent (related to nesting and stacking) are highlighted as ambiguous and indeterminate. Importantly, the second supplemental answer advises that further details will be disclosed at the expert phase: "[t]he invalidity of the asserted patent will be the subject of expert testimony." Id. Summer Infant reserved its right to supplement again "in accord with the Federal Rules of Civil Procedure and the scheduling order in this case." Id. at 4.

In response to the second supplemental answer, TOMY did not ask to reopen Summer Infant's Fed. R. Civ. P. 30(b)(6) deposition; instead, it promptly (on April 12, 2019) advised Summer Infant that it considered this superficial articulation of invalidity to be deficient: "there

---

[2] The original fact discovery deadline was April 5, 2019. It was extended to May 10, 2019, by a Text Order that issued on April 5, 2019.

3

is no indication as to what combination or combinations are being made, what combination applies to what claim or claims, which claimed features are supposedly disclosed by which prior art, how one would combine the art, or the reasons that a person of ordinary skill in the art would have made any such combination." ECF No. 53-2. In its email, TOMY previewed its perspective that it considers each of these matters as "factual questions," implying, though not directly stating, that a more detailed iteration of the foundation for the invalidity defense needed to be provided before the close of the fact discovery period. Summer Infant's April 16, 2019, reprise alerted TOMY to its intent to supplement again before the close of fact discovery. And at approximately the same moment, Summer Infant discovered (for the first time) the existence of the '741 Patent, which is a design patent for a tub sold by TOMY's predecessor that Summer Infant immediately concluded potentially would impact the validity of the '209 Patent.

On May 10, 2019, fact discovery closed. On the same day, instead of serving the supplement to Interrogatory No. 2 mentioned in its April 16, 2019, email to TOMY, Summer Infant asked the Court for a limited (fourteen-day) extension of the fact discovery period to supplement its invalidity interrogatory response. ECF No. 27. The motion argued that Summer Infant had just become aware of previously undisclosed prior art (the '741 Patent) and that it needed to explore this as a topic during the ongoing Fed. R. Civ. P. 30(b)(6) deposition[3] of TOMY's designee. It asked for time to evaluate the '741 Patent and for an extension of the fact discovery period to supplement its answer to Interrogatory No. 2. Opposing the motion, TOMY argued that the '741 Patent is not really new because it mirrors another patent, "GB 2193887," which had been disclosed. Notably, TOMY did not ask for leave to reopen Summer Infant's

---

[3] This Fed. R. Civ. P. 30(b)(6) deposition was protracted by TOMY's failure adequately to prepare the witness and to abide by the protocols established by Kelvey v. Coughlin, 625 A.2d 775, 777 (R.I. 1993). Text Order of Mar. 28, 2019. The adequacy of the witness's preparation required a second Court intervention on May 7, 2019. Text Order of May 7, 2019.

Fed. R. Civ. P. 30(b)(6) deposition as a condition of granting the extension. The motion to extend was granted on May 14, 2019:

> Without deciding about the timeliness or thoroughness of discovery, the Court determines that it is in the interest of justice to allow the Plaintiff to supplement its responses based on the information it claims has recently come to its attention. The Plaintiff shall have until 14 days after the completion of the 30(b)(6) deposition of Defendant to supplement its answer to interrogatory No. 2.

ECF No. 42-2 at 2. After the Fed. R. Civ. P. 30(b)(6) deposition ended, on July 2, 2019, Summer Infant timely served its fourth supplemental answers, which included the challenged new answer to Interrogatory No. 2,[4] amplifying its position on invalidity, as well as a new answer to Interrogatory No. 3, which asks about noninfringement and claims construction.[5] ECF No. 42-1.

Unlike the one-page second supplemental answer to Interrogatory No. 2 regarding invalidity, the fourth supplemental answer on invalidity is fifteen pages long. ECF No. 42-1 at 4, 13-28. By contrast with the earlier iteration, it is a set of minutely granulated responses; the answer goes claim-by-claim and phrase-by-phrase through the '209 Patent, as to each, individually stating each ground for invalidity in far more detail than before. Most of these now granulated responses rely on obviousness based on the newly discovered reference, the '741 Patent, either alone or in combination with the eight references that were listed in the second

---

[4] To clarify, the answer that TOMY seeks to exclude is Summer Infant's **third** iteration (and **second** supplementation) of its response to Interrogatory No. 2 on invalidity. It is included with Summer Infant's **fourth** supplementation. Summer Infant's third supplementation was served on May 20, 2019; it does not relate to invalidity and TOMY has not challenged this post-fact discovery supplementation. ECF No. 42-8. The fourth supplementation, containing the third version of the answer to Interrogatory No. 2, is in the record at ECF No. 42-1.

[5] TOMY's motion to exclude mentions the supplementation of Interrogatory No. 3 in passing; it makes no mention of any adverse impact caused by the timing of Summer Infant's supplementation of this answer. However, if the motion to exclude were granted, this answer would also be gone, in that the motion seeks to exclude all answers in the fourth supplementation "in their entirety." ECF No. 51 at 13. Summer Infant's brief advises that TOMY has withdrawn its challenge to Interrogatory No. 3, but TOMY's reply reflects no such concession. With no development of the reasons for excluding Interrogatory No. 3, the motion as to Interrogatory No. 3 is denied.

supplemental answer, as well as with other references from the record or the public sphere (images from the '209 prosecution history and four other publicly available patents). Several of the responses, either alone or in combination with other references, now also rely on GB 2193887, the patent raised by TOMY in its opposition to the motion to extend. Still others take a deeper dive into matters that were superficially noted in the prior answer's generic assertion that the claims are each invalid under § 112 because the "specification is insufficient" and because each lacks sufficient "certainty" to inform a person skilled in the art about the scope of the invention. These assertions are now recast in far greater detail identifying specific claims and terms as indefinite, as failing to provide an adequate description, or for non-enablement of the invention.

To the Court's perhaps untutored eye, other than the reference to GB 2193887[6] and the '741 Patent, the new iteration of the invalidity interrogatory answer largely appears to be a minutely granulated version of the vague and superficial second iteration. Notably, TOMY argues that this granulation still fails to cure the substantive deficiency that it argued in its April 12, 2019, email (ECF No. 53-2) tainted the predecessor answer. ECF No. 53 at 8 ("As before, Summer merely provides a list of references, now numbering 20, and says that two or more of these 20 references in some unidentified combination renders the claim invalid.").

## II. LAW AND ANALYSIS

---

[6] As to GB 2193887, Summer Infant does not dispute TOMY's vociferous assertion that this is not a newly disclosed reference because TOMY's document production in January 2019 included a copy of it. Reiterating arguments that it made in opposition to Summer Infant's motion to extend, TOMY points out that close comparison reveals that the admittedly undisclosed '741 Patent is essentially identical to the disclosed GB 2193887. Therefore, TOMY posits that Summer Infant's inclusion of GB 2193887 in the fourth supplemental answer amounts to an implicit concession that its argument that it needed to supplement due to the late discovery of '741 was disingenuous. This is a reprise of the same argument that the Court rejected when it granted Summer Infant's motion to extend "[w]ithout deciding about the timeliness or thoroughness of discovery." Text Order of May 14, 2019. Accordingly, I assign this argument no weight.

Under Fed. R. Civ. P. 16(f) and 37(b), a party that has committed a pretrial order violation must sustain the burden of showing that the violation was either substantially justified or harmless; otherwise that party potentially faces the sanction of preclusion. See Wilson v. Bradlees of New England, Inc., 250 F.3d 10, 21 (1st Cir. 2001); Providence Piers, LLC v. SMM New England, Inc., C.A. No. 12-532 S, 2014 WL 5775663, at *3 (D.R.I. Nov. 6, 2014). Substantial justification may be established by an explanation that demonstrates good faith compliance with discovery obligations, coupled with a lack of any suggestion of strategic sandbagging. See Santiago-Diaz v. Laboratorio Clinico Y De Referencia Del Este And Sara Lopez, M.D., 456 F.3d 272, 277 (1st Cir. 2006) (party must at least present plausible justification for discovery shortcomings); Plaza Carolina Mall, L.P. v. Municipality of Barceloneta, Civil No. 13-1264 GAG, 2015 WL 4250852, at *6 (D.P.R. July 13, 2015) (assessing whether conduct is "'substantially justified' . . . calls on district courts to weigh the severity of the discovery violations, legitimacy of the party's excuse for failing to comply, repetition of violations, deliberateness of the misconduct, mitigating excuses, prejudice to the other party and the operations of the court, and adequacy of lesser sanctions"); cf. Cytyc Corp. v. Tripath Imaging, Inc., No. Civ.A. 03-11142-DPW, Civ.A. 03-12630-DPW, 2005 WL 1527883, at *4 (D. Mass. June 21, 2005) (where prior art was produced immediately and interrogatory supplemented to refer to prior art "once [answering party] reached that conclusion," court refuses to sanction supplementation of contention interrogatory concerning legal conclusion of invalidity after end of fact-phase). And even if noncompliance with the pretrial order was neither substantially justified nor harmless, the Court lacks an appetite for imposing the draconian sanction of exclusion. Providence Piers, 2014 WL 5775663, at *3-5 (D.R.I. Nov. 6, 2014) ("[W]hen '[a] sanction carrie[s] the force of a dismissal, the justification for it must be

comparatively more robust.'") (quoting Samaan v. St. Joseph Hosp., 670 F.3d 21, 36 (1st Cir. 2012)). This is particularly true when the discovery in question is dispositive of a claim and the violator has not routinely flouted its discovery obligations and deadlines. Id. at *5.

TOMY argues that the new iteration of the answer to Interrogatory No. 2 is a violation of the Court's pretrial order because of its greater specificity, particularly its unpacking of the § 112 grounds for invalidity and its reliance on GB 2193887 and images from the prosecution history, all matters that are part of the record and that could and should have been analyzed during the fact discovery period. It contends that this violation cannot be justified by the Court's limited extension of fact discovery because the new version goes far beyond the scope of what the Court intended to permit in granting the motion for a limited extension. And, TOMY complains, Summer Infant's post-fact discovery production of the fourth supplemental answers is prejudicial because TOMY is now foreclosed from examining Summer Infant's Fed. R. Civ. P. 30(b)(6) designee and its tub designers on their perspective as to a person of ordinary skill in the art regarding Summer Infant's assertions that the claims are indefinite and ambiguous and that they fail due to the lack of an adequate written description and/or non-enablement.[7] TOMY contends that Summer Infant snuck these details into the answer in defiance of the Court's narrowly tailored Order of May 14, 2019, and that Summer Infant's strategy of keeping the substance of its invalidity defense under wraps until the expert phase amounts to sandbagging. Based on what it claims is a serious violation of the pretrial order, TOMY invokes Fed. R. Civ. P. 37(b-c) (and

---

[7] TOMY also complains that the fourth supplemental answer includes invalidity challenges to claims not in issue. TOMY is right on the law, but not on the timing. Fox Grp., Inc. v. Cree, Inc., 700 F.3d 1300, 1308 (Fed. Cir. 2012) (respecting invalidity, "[t]here was no case or controversy with respect to the unasserted claims"). If Summer Infant launches a challenge to claims not in issue by submitting an expert report purporting to buttress such positions, TOMY can file a motion to strike invalidity challenges to claims not in issue based on the lack of a case or controversy. Cf. Streck, Inc. v. Research & Diagnostic Sys., Inc., 665 F.3d 1269, 1281-84 (Fed. Cir. 2012) (affirming district court's decision not to address unasserted claims due to a lack of jurisdiction).

8

by implication, Fed. R. Civ. P. 16(f)), and asks the Court to impose the severe sanction of wholesale exclusion.[8]

Summer Infant parries by pointing out that its plan – fully-disclosed to TOMY – was to supplement this contention interrogatory at the very end of fact discovery, which is entirely consistent with its discovery obligations. Cytyc Corp., 2005 WL 1527883, at *4 (supplementation of invalidity contention answer at very end, or slightly after end, of fact discovery process, does not render it violative of the discovery rules, as long as materials on which it is based were timely produced); see In re Wilmington Tr. Sec. Litig., Master Civ. No. 10-990-SLR-SRF, 2017 WL 2457456, at *2 (D. Del. June 6, 2017) (appropriate to compel answers to contention interrogatories at close of fact discovery). It argues that the extension it requested on May 14, 2019, was not to get more time for the supplementation that it had been planning before it became aware of the '741 Patent; rather, it was to give it time to evaluate the '741 Patent and incorporate it into its supplementation. While its motion could have been clearer on this point, it argues that the Text Order of May 14, 2019, allowed it to do exactly what it did – serve a supplemental answer to Interrogatory No. 2 that fully integrated the '741 Patent and the related reference, GB 2193887. Therefore, in Summer Infant's view, no pretrial order was violated.

And if the Court were to find a violation, Summer Infant marshals the same circumstances in support of its position that its conduct was substantially justified in that it was proceeding in the good faith belief that it was acting consistent with the pretrial order. Nor, Summer Infant contends, has such a technical violation caused harm. For starters, if TOMY

---

[8] Somewhat inconsistent with its position that the third supplementation of the answer to Interrogatory No. 2 is materially and prejudicially different from the earlier iteration, TOMY contends that both the second supplemental answer and the third supplemental answer are similarly inadequate. It advises that it plans to move for summary judgment on whichever version of the answer is operative.

really cared about taking a fact-phase deposition on the invalidity answer, it could have done so when Summer Infant served its first invalidity answer on March 29, 2019, which is when TOMY first became aware that Summer Infant had not abandoned invalidity; yet it did not. And it could have alerted Summer Infant of its need for a fact-phase deposition when Summer Infant alerted it of the plan to supplement Interrogatory No. 2 again on April 12, 2019; yet it did not. And it could have made such a follow-up deposition a condition of the Court's granting of the motion for leave to extend the fact discovery period; yet it did not. Nor is TOMY seeking the right to take such a deposition now. See Cytyc Corp., 2005 WL 1527883, at *4 (court rejects motion to exclude due to supplementation of contention interrogatory answer just after close of fact-phase in part because movant had expressed no interest in follow-up discovery, pressing instead for "wholesale exclusion of the defense, a draconian remedy unwarranted in these circumstances").

More materially, as both of its supplemental answers to Interrogatory No. 2 made plain, Summer Infant points out that it principally plans to use expert testimony to support its invalidity defense. See Proveris Sci. Corp. v. Innovasystems, Inc., 536 F.3d 1256, 1267 (Fed. Cir. 2008) (unless patent is simple, expert testimony may be required to establish invalidity); see also Sundance, Inc. v. DeMonte Fabricating Ltd., 550 F.3d 1356, 1364 (Fed. Cir. 2008) (witness qualified in the pertinent art appropriate to testify as expert on obviousness); Veracode, Inc. v. Appthority, Inc., 137 F. Supp. 3d 17, 38 (D. Mass. 2015) ("expert testimony is often critical to the question of obviousness"). Relatedly, it is far from clear that TOMY is right that a fully developed legal analysis of the grounds for invalidity, as opposed to timely production of the materials on which the analysis is based, must be provided before the expert phase. For example, in Abbott Labs. v. Sandoz, Inc., 743 F. Supp. 2d 762 (N.D. Ill. 2010), the court considered the failure of a litigant to buttress its invalidity defenses either with fact-discovery

responses or with expert reports. Id. at 776.  Importantly, the court expressed a lack of concern over the failure to disclose invalidity defenses in supplemental contention responses, noting:

> [T]the case law cited by [plaintiff] does not reveal a hard-and-fast rule requiring the exclusion of invalidity defenses that were not disclosed during discovery. Rather, courts consider whether to exclude such undisclosed defenses and arguments on a case-by-case basis, depending on whether the plaintiff would suffer prejudice if these defenses or arguments were introduced.

Id.  The court granted the motion *in limine* to bar evidence on invalidity at trial only because the litigant also failed to produce an expert opinion. Id. at 776-77 ("[T]he key question in resolving this motion *in limine* is whether, as [defendant] contends, [plaintiff] had sufficient notice of its intended enablement and written-description defenses such that it would not be prejudiced by their introduction at trial.").

Consistent with the proposition that there is no prejudice as long the theory of invalidity is clarified at the expert phase is the reality that Summer Infant bears the burden of proof (clear and convincing evidence) on this affirmative defense. In re Cyclobenzaprine Hydrochloride Extended-Release Capsule Patent Litig., 676 F.3d 1063, 1076-78 (Fed. Cir. 2012).  Therefore, it is Summer Infant that next must supply expert reports that will provide TOMY with the opinions supporting this defense.  And to the extent that these experts need to rely on fact evidence (such as the '741 Patent) to buttress their opinions, Summer Infant is now foreclosed from sandbagging TOMY with new sources – for instance, Summer Infant is limited by its Fed. R. Civ. P. 30(b)(6) designee's answer denying any knowledge regarding invalidity, as well as by the content of its fourth supplemental answer. See Fed. R. Civ. P. 37(c)(1) ("If a party fails to provide information . . . as required by Rule 26(a) or (e), the party is not allowed to use that information . . . to supply evidence on a motion, at a hearing, or at a trial.").

Putting this dispute in perspective, the Court finds that Summer Infant's invalidity defense to TOMY's claim of infringement sits on the cusp of a conundrum that can be existential in the patent arena – what is a fact to be provided in the fact discovery phase, and what is reserved for disclosure during the expert discovery phase. Aligned with the approach in Cytyc Corp., 2005 WL 1527883, at *4, and in Abbott Labs., 743 F. Supp. 2d at 776, Summer Infant's position – clear since its unchallenged second supplemental answer – is that its fact-phase duty was generally to marshal the references on which its experts will rely, but that the substance of its invalidity defense will not emerge until the expert phase, when it will present experts skilled in the art to provide their opinions regarding the obviousness and sufficiency of the '209 claims in issue. As long as all of the fact evidence is on the table, and there is no whiff of an attempt to sandbag (and I do not sense one), the Court is disinclined to adopt a categorical rule that the legal analysis buttressing the defense of invalidity must be fully developed during the fact-phase or be subject to exclusion.[9] To the contrary, the Court finds that a motion to exclude that would result in preclusion of the affirmative defense of invalidity is not appropriate when the foundation for the defense is only half-baked, still lacking the expert opinions that will be the primary ingredient.

Turning to the substance of TOMY's motion and considering what actually happened, including that Summer Infant needed to react quickly to the discovery of the '741 Patent, the Court does not find that Summer Infant unambiguously violated the pretrial order. To the contrary, Summer Infant's interpretation of the May 14, 2019, Text Order appears to be

---

[9] Cases that hold otherwise come from other Circuits and appear to be grounded in local rules that specify the timing of invalidity contentions. See, e.g., Simo Holdings Inc. v. Hong Kong uCloudlink Network Tech. Ltd., 354 F. Supp. 3d 508, 509-10 (S.D.N.Y. 2019) (finding disclosures untimely under local rule but declining to preclude the defenses as a "drastic and disfavored measure"); Changzhou Kaidi Elec. Co. v. Okin Am., Inc., 112 F. Supp. 3d 330, 335 (D. Md. 2015) (noting that under local rule, invalidity contentions may be amended "with all other parties' consent or with leave of the court"). No such local rule has been adopted in this District.

understandable – indeed appropriate – in light of the surrounding circumstances. While Summer Infant could have been clearer in the phrasing of its motion that it contemplated a last-minute full-blown supplementation (as is typical for this kind of contention interrogatory) and not that it was asking for leave just to carrot references to the '741 Patent into the second supplemental answer, such lack of clarity does not amount to a violation of the pretrial order, nor should the consequence of such lack of clarity be Fed. R. Civ. P. 37(b-c) sanctions. Faced with parties hurling accusations of discovery malfeasance at each other,[10] it is clear that the Court decided not to sort out any of it, but rather to extend fact discovery two weeks for Summer Infant "to supplement its answer to interrogatory No. 2." That is exactly what Summer Infant did. Therefore, the pretrial order is not violated.

Going one step further, if one were to hypothesize that the Text Order of May 14, 2019, was strictly limited to the insertion of citations to the '741 Patent into the second supplemental answer to Interrogatory No. 2, so that Summer Infant's more expansive supplementation is a violation, the Court finds that Summer's Infant's explanation of what happened is good enough to support a finding of substantial justification. Additionally, there is no adverse impact on TOMY – and its claim of prejudice from an inability to take depositions is undercut by its failure to ever ask to take those depositions. See Cytyc Corp., 2005 WL 1527883, at *4 (where movant expressed no interest in follow-up discovery, "wholesale exclusion of the defense [is an unwarranted] draconian remedy").

With no violation of the pretrial order, and no prejudice or harm caused by Summer Infant's conduct, TOMY's motion to exclude is denied.

---

[10] Contemporaneously with the motion to extend, the Court was also making findings adverse to TOMY regarding its approach to its Fed. R. Civ. P. 30(b)(6) deposition. See n.3 *supra*. In the motion to extend itself, Summer Infant accused TOMY of failing to disclose the '741 Patent and TOMY accused Summer Infant of failing to review the GB 2193887 patent that had been produced months before.

13

## III. CONCLUSION

Based on the foregoing, TOMY's motion (ECF No. 42) to exclude Summer Infant's Fourth Supplemental Answers to TOMY's first set of interrogatories is DENIED.


/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
October 24, 2019