UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| SUMMER INFANT (USA), INC., | : | |
|     Plaintiff/Counter Defendant, | : | |
| | : | |
| v. | : | C.A. No. 17-549MSM |
| | : | |
| TOMY INTERNATIONAL, INC., | : | |
|     Defendant/Counter Claimant. | : | |

**MEMORANDUM AND ORDER**

PATRICIA A. SULLIVAN, United States Magistrate Judge.

Plaintiff Summer Infant (USA), Inc., ("Summer Infant") filed a post-fact-discovery motion for leave to amend its counterclaim against Defendant TOMY International, Inc. ("TOMY"). ECF No. 47. Summer Infant seeks to add Count II, a claim of bad faith patent infringement pursuant to a recently enacted state law that has yet to be construed by any state court, R.I. Gen. Laws § 6-41.1-1, *et seq*. TOMY argues that the motion should be denied because: (1) Summer Infant exhibited undue delay in bringing the motion; and (2) the amendment is futile (a) because R.I. Gen. Laws § 6-41.1-1, *et seq.,* is aimed at deterring patent trolls[1] (which TOMY unambiguously is not) and the proposed Count II otherwise fails to state a claim, and (b) because whether there had been good or bad faith in communications asserting infringement is reserved by the United States Constitution to federal patent law so that Summer Infant's assertion of R.I. Gen. Laws § 6-41.1-3 is preempted.

Rule 15 of the Federal Rules of Civil Procedure governs amendments to pleadings and directs that courts "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2);

---

[1] As one court put it, "[a] patent troll is somebody who tries to make a lot of money off a patent that they are not practicing and have no intention of practicing and . . . [have] never practiced." Overstock.com, Inc. v. Furnace Brook, LLC, 420 F. Supp. 2d 1217, 1218 (D. Utah 2005), aff'd, 191 F. App'x 959 (Fed. Cir. 2006) (internal quotation marks omitted).

see Foman v. Davis, 371 U.S. 178, 182 (1962); Mirpuri v. ACT Mfg., Inc., 212 F.3d 624, 627 (1st Cir. 2000). A motion to amend should be granted unless it is "apparent" that it would reward undue delay, bad faith, or dilatory motive on the part of the movant. Tiernan v. Blyth, Eastman, Dillon & Co., 719 F.2d 1, 4 (1st Cir. 1983). A court should deny leave to amend if the proposed amendment would be futile. Resolution Tr. Corp. v. Gold, 30 F.3d 251, 253 (1st Cir. 1994). When leave to amend is sought prior to the completion of discovery and the filing of motions for summary judgment, the standard for futility is whether the complaint as amended would survive a motion to dismiss under Rule 12(b)(6). Ferreira v. City of Pawtucket, 365 F. Supp. 2d 215, 216 (D.R.I. 2004). "A district court pondering whether to grant or deny a motion for leave to amend . . . must consider the totality of the circumstances." Nikitine v. Wilmington Tr. Co., 715 F.3d 388, 390 (1st Cir. 2013).

With a brand-new state enactment, not yet interpreted by the state, the question of whether Summer Infant's proposed new Count would be futile requires the Court to focus on the language of the law, but otherwise to write on a clean slate.[2] R.I. Gen. Laws § 6-41.1-1, *et seq.*, is self-described as a "narrowly focused act, . . . to facilitate the efficient and prompt resolution of patent-infringement claims." Id. § 6-41.1-1(h). Consistent with this interpretative approach, it contains a narrowly circumscribed and very specific set of "factors" that are indicia of "bad faith," id. § 6-41.1-3(b), and a different set of "factors" that evince a lack of bad faith. Id. § 6-

---

[2] Because, as laid out in the analysis that follows, it is so clear that the language of § 6-41.1-1, *et seq.*, is not aimed at the facts alleged in Summer Infant's proposed amended pleading, this Court need not struggle with whether it should certify to the Rhode Island Supreme Court the question of how to interpret R.I. Gen. Laws § 6-41.1-3, including whether a claim against an entity like TOMY, which is so plainly not a patent troll, fails to state a *prima facie* claim pursuant to Fed. R. Civ. P. 12(b)(6).

41.1-3(c). The enactment reflects the General Assembly's concern with a select form of bad faith in the assertion of a claim of patent infringement.[3]

Mindful of this specificity, the Court has taken a common-sense look at the facts (assuming them to be true)[4] that Summer Infant has assembled in its proposed amended counterclaim to support Count II, the new state-law bad faith claim. This review reveals that reliance on R.I. Gen. Laws § 6-41.1-3 is misplaced in this case. The only unambiguous fact tipping towards of a finding of "bad faith" under § 6-41.1-3(b) seems to be the extremely short time limit in TOMY's initial cease and desist letter (three days).[5] See id. § 6-41.1-3(b)(4). Otherwise, Summer Infant's factual foundation for the "bad faith" factors does not hold up. For example, as conceded in the proposed pleading, TOMY's cease and desist letter does have a list of detailed factual allegations – a thirteen-page "claim chart" was appended, which sets out the fruits of TOMY's pre-cease and desist letter analysis and nullifies the existence of virtually all of the "bad faith" (as defined in § 6-41.1-3) on which Summer Infant relies. ECF No. 47-1 ¶ 21. Nor does Summer Infant's proposed pleading allege that there was a complete absence of

---

[3] The commentary and media coverage regarding R.I. Gen. Laws § 6-41.1-1, *et seq.*, and its analogs in other states clearly describes these laws as aimed at so-called patent trolls, a label that does not come close to fitting TOMY. See, e.g., ECF No. 49-2 ("Today, the Rhode Island General Assembly passed legislation . . . [that] targets 'patent trolls.'"); Roger Allan Ford, The Uneasy Case for Patent Federalism, 2017 Wis. L. Rev. 551, 558, n.25 (2017) (as of 2017, thirty-one states had passed legislation targeting conduct associated with patent trolls) (citing R.I. Gen. Laws § 6-41.1-1 to 6-41.1-6); Elizabeth M. Thoman, A Modern Adaptation of "Three Billy Goats Gruff": Is Vermont's "Bad Faith Assertions of Patent Infringement" Statute Strong Enough to Help Patent Owner's Safely Cross the Bridge?, 83 U. Cin. L. Rev. 989, 992, 1005 (2015) ("Vermont's statute . . . makes an important statement to patent trolls."). However, as Summer Infant points out, the words used by the General Assembly do not say that commercial use of the patent is a factor that trumps all others. Rather, § 6-41.1-3(b-c) puts an array of factors on the scale, including the status of the patent owner as an inventor or assignee of the inventor that has commercialized the invention (that is, not a patent troll).

[4] To avoid a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a pleading must allege a plausible entitlement to relief that gives the other side fair notice of the claim and the grounds on which it rests. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 559 (2007). The plausibility inquiry requires the court to distinguish the pleading's "factual allegations (which must be accepted as true) from its conclusory legal allegations (which need not be credited)." Morales-Cruz v. Univ. of P.R., 676 F.3d 220, 224 (1st Cir. 2012).

[5] Whether Summer Infant's ability to provide a timely response (which it was able to do) means that this was not "an unreasonably short period of time" is a matter that would require further factual development. Id. § 6-41.1-3(b)(4).

3

analysis, as required in § 6-41.1-3(b)(2); rather, it alleges that TOMY's analysis was not "sufficient" or "adequate." ECF No. 47-1 ¶¶ 47, 52. Relatedly, the pleading alleges only that TOMY did not produce documents reflecting such an analysis. Id. ¶ 44. However, Summer Infant has attached the testimony of TOMY's Fed. R. Civ. P. 30(b)(6) witness, who did not say there was no pre-cease and desist letter analysis; to the contrary, she said the analysis was done by legal counsel but that no documents were found at TOMY reflecting the work. ECF No. 47-14; see also ECF No. 49-5 (TOMY witness explains pre-cease and desist letter investigation).

On the other side of the ledger, the pleading establishes the existence of key facts evidencing lack of bad faith, as listed in § 6-41.1-3(c). For example, TOMY is clearly invested in and has commercialized its patent, and it is the original assignee of the inventor, id. § 6-41.1-3(c)(4-5). ECF No. 47-1 ¶ 2. When these factors are placed on the scale, the balance overwhelmingly reveals a lack of bad faith, as the concept is defined by § 6-41.1-1, *et seq*. In short, except (arguably) for the requirement of a response in an unreasonably short amount of time, Summer Infant's pleading fails to allege facts establishing any of the factors evidencing bad faith, all while conceding the existence of key facts foundational to an absence of bad faith. This analysis compels the conclusion that Summer Infant's proposed pleading is futile because it fails to state a plausible claim under R.I. Gen. Laws § 6-41.1-3.

The proposed claim has a second potential futility problem – preemption.[6] "[F]ederal patent law preempts state-law tort liability for a patentholder's good faith conduct in communications asserting infringement of its patent and warning about potential litigation."

---

[6] With the caselaw on preemption of anti-patent troll statutes still in its nascent stages, and in light of the Court's determination that Summer Infant fails to state a plausible claim under § 6-41.1-3, the Court includes the following preemption analysis to show that it is likely that R.I. Gen. Laws § 6-41.1-3 is preempted without fully addressing the issue. Cf. Great Lakes Mfg., Inc. v. Londerville Steel Enter., Inc., Case No. 17-C-1421, 2018 WL 2215525, at *1, *3-4 (E.D. Wis. May 15, 2018) (deciding not to fully address preemption of anti-patent troll state-law, even though "the preemption ground[ ] for dismissal . . . appears to have merit," because the count failed to state a claim).

4

Globetrotter Software, Inc. v. Elan Computer Grp., Inc., 362 F.3d 1367, 1374 (Fed. Cir. 2004); see Halo Elecs., Inc. v. Pulse Elecs., Inc., 136 S. Ct. 1923, 1930 (2016) (federal patent law – 35 U.S.C. § 284 – provides for "punitive or 'increased' damages . . . in a case of willful or bad-faith infringement."); Golan v. Pingel Enter., Inc., 310 F.3d 1360, 1370 (Fed. Cir. 2002) ("[F]ederal patent law bars the imposition of liability [under federal or state-law] for publicizing a patent in the marketplace unless the plaintiff can show that the patent holder acted in bad faith," as defined under federal law). Such state-law claims survive federal preemption only to the extent that they are based on a showing of "bad faith" as defined by federal patent law. Globetrotter Software, Inc., 362 F.3d at 1374. Without preemption, states would be able to undo the careful calibration that Congress and the federal courts have baked into federal patent law, which is protective of patent holders and encouraging of their right to assert infringement, subject to adverse consequences for bad faith assertion as defined in federal law. See generally Paul R. Gugliuzza, Patent Trolls and Preemption, 101 Va. L. Rev. 1579, 1605-09 (2015).

In other states that have adopted statutes substantially similar to R.I. Gen. Laws § 6-41.1-1, *et seq.*, courts have consistently found that claims based on the state-law bad faith standard are preempted, unless the claimant presents sufficient evidence to allow a fact-finder to determine that the assertion of patent infringement was both objectively baseless and made in subjective bad faith, which are the elements needed to prove a federal bad faith claim. See, e.g., Landmark Tech., LLC v. Azure Farms, Inc., 3:18-CV-1568-JR, 2019 WL 3763762, at *6 (D. Or. June 26, 2019) ("Therefore, to avoid preemption in the case at bar, defendant must allege bad faith including that the infringement claim is 'objectively baseless in the sense that no reasonable litigant could realistically expect success on the merits.'"); Puritan Med. Prod. Co. LLC v. Copan Italia S.p.A., 188 A.3d 853, 859, 862-63 (Me. 2018) (federal patent law preempts bad faith

unless claimant alleges that assertion of patent infringement was both objectively baseless and made in subjective bad faith); Shoflo, LLC v. TSE Servs., LLC, Case No. 6:16-cv-1955-Orl-40TBS, 2017 WL 10080141, at *7 (M.D. Fla. July 12, 2017), adopted, 2017 WL 10080150 (M.D. Fla. Aug. 1, 2017) (federal bad faith standard preempts state from passing any law that conflicts with federal patent law); see also Triple7Vaping.com, LLC v. Shipping & Transit LLC, CASE NO: 16-cv-80855-MIDDLEBROOKS, 2017 WL 5239874, at *7 (S.D. Fla. Feb. 6, 2017) (because plaintiffs plausibly alleged that patent owner knew, or willfully disregarded, the falsity of its assertions, and therefore acted with subjective bad faith, state-law bad faith not preempted). Commentators analyzing Vermont's anti-patent troll law, which was the first of the state enactments and is very similar to Rhode Island's statute, agree with this proposition. Thoman, 83 U. Cin. L. Rev. at 992, 1005 ("While Vermont's statute is ultimately preempted by federal law due to the Supremacy Clause as well as the preemption doctrine, it makes an important statement to patent trolls. . . . [I]t is unlikely that Vermont's law will withstand implied preemption scrutiny."); see Gugliuzza, 101 Va. L. Rev. at 1584 n.30 (noting "commentary raising the possibility that the pathmarking Vermont statute is preempted"). Thus, it also seems clear that, consistent with the analysis in Landmark Tech., 2019 WL 3763762, at *6-7, and Puritan Med. Prod. Co., 188 A.3d at 862-63, Summer Infant's proposed new claim would fail as a matter of law because the proposed amended counterclaim lacks plausible factual allegations sufficient to permit the inference that TOMY's original assertion of patent infringement was both objectively baseless and made in subjective bad faith. Accordingly, in addition to failing to state a plausible claim, the proposed Count is also likely futile because it cannot overcome federal preemption.

Apart from futility as delineated above, Summer Infant's motion is also doomed by its undue delay because it was filed well after the close of fact discovery. Summer Infant's contention that it lacked a foundation until the completion of the Voss deposition in June 2019 seems disingenuous. That deposition established only that TOMY had its legal counsel perform the pre-cease and desist analysis; moreover, an earlier deposition (Jennifer Gomes) taken in March 2019 appears specifically to address TOMY's approach to the Summer Infant tub in the pre-cease and desist period. ECF No. 49-5. Otherwise, the claim is based on the letter itself (which reveals that there was an analysis done) and the characterization of TOMY as a patent troll (which it is not). And these underlying facts were established by the end of 2017.

TOMY's failure to make a robust argument of prejudice is beside the point – the standard is "undue delay . . . [**or**] undue prejudice." N. Ins. Co. of New York v. Albin Mfg., Inc., C.A. No. 06-190-S, 2008 WL 2019365, at *1 (D.R.I. May 9, 2008) (emphasis supplied) (alteration in original) (quoting Tiernan, 719 F.2d at 4); see In re Fustolo, 896 F.3d 76, 85 (1st Cir. 2018) ("Lack of prejudice, however, does not 'compel a determination that the amendment is appropriate.'"). In any event, the Court nevertheless finds that this delay will result in prejudice because it leaves TOMY – which was not on notice that the caliber of its pre-cease and desist analysis would be the subject of a bad faith claim – unable to gather and produce factual material to rebut bad faith. See In re Fustolo, 896 F.3d at 89 ("We think that prejudice is an almost inevitable concomitant in situations where, as here, the late amendment attempts to superimpose a new (untried) theory on evidence introduced for other purposes."); N. Ins. Co. of New York, 2008 WL 2019365, at *1 ("Without a valid reason for the delay, the Court cannot justify the inevitable prejudice that will result to the Defendants who would be faced with an entirely new

cause of action."). The Court finds that Fed. R. Civ. P. 15's focus on undue delay and related prejudice cuts strongly in favor of denying Summer Infant's motion to amend.

Based on the foregoing and considering the "totality of the circumstances," <u>Nikitine</u>, 715 F.3d at 390, the Court finds that the proposed amendment would be futile and that Summer Infant's delay in proposing it until well after the close of fact discovery is prejudicial to TOMY and will seriously impede the forward progress of this case. Accordingly, Summer Infant's motion (ECF No. 47) to amend is DENIED.

/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
October 25, 2019