IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

SUMMER INFANT (USA), INC., :
    Plaintiff/Counter Defendant, :
     :
    v. : No. 1:17-cv-549-MSM-PAS
     :
TOMY INTERNATIONAL, INC., :
    Defendant/Counter Claimant. :

MEMORANDUM AND ORDER

Plaintiff Summer Infant (USA), Inc. ("Summer Infant") seeks to amend its counterclaim against TOMY INTERNATIONAL, INC. ("TOMY") by adding as Count II a claim of bad faith patent infringement pursuant to R.I. Gen. Laws § 61-41-1, *et seq.* (ECF No. 47). Section 61-41-1 was enacted in 2016 and has yet to be construed by any state or federal court. TOMY objects to the amendment. (ECF No. 49). Magistrate Judge Patricia A. Sullivan, to whom the motion was referred, issued an Order denying leave to amend. (ECF No. 61).

As a preliminary matter, Summer Infant asserts, and TOMY seems to agree, that the Magistrate Judge is empowered only to issue a Recommendation, which would be reviewed *de novo*, because denial of leave to add Count II is dispositive within Fed. R. Civ. P. 72(b). Denial of leave to amend would foreclose litigation of the claim and therefore *de novo* review is appropriate. *Caranci v. Blue Cross & Blue Shield of Rhode Island*, 194 F.R.FD. 27, 31 n. 1 (D.R.I. 2000) (denial of leave to amend to add party plaintiff is dispositive, requiring *de novo* review of Magistrate Judge's

decision). *Accord*, *Emissive Energy Corp. v. NovaTac, Inc.,* C.A. No. 09-13 S, 2010 WL 2991201 at *2 (D.R.I. July 28, 2010) (*de novo* review appropriate where denial of leave to amend is dispositive of a defense).

In any event, whether using the more forgiving review standard of clearly erroneous, or deciding the issue *de novo* under Rule 72(b), I agree with the Magistrate Judge and therefore DENY Summer Infant's motion to amend. There are two reasons why this motion should be denied. First among them is that it would be futile, as Summer Infant cannot meet a 12(b)(6) standard for pleading bad faith pursuant to R.I.G.L. §6-41.1-3. When leave to amend is sought prior to the close of discovery and the filing of motions for summary judgment, a "plausible claim" review is required. *Hatch v. Dept. for Children, Youth and Their Families*, 274 F.3d 12, 19 (1st Cir. 2001).[1] The second reason is that Summer Infant's motion to amend comes too late in the game, after undue delay.

Plausible Claim

Summer Infant seeks to pursue a claim that TOMY acted in bad faith when it asserted infringement by Summer Infant of its (TOMY's) patent for an infant bathtub. The Rhode Island statute entitled "Bad-faith assertions of patent infringement" lists a number of factors which, while not exhaustive, are indicative of

---

[1] *Hatch* identifies two standards. First is the familiar 12(b)(6) failure to state a plausible claim, applicable when leave to amend "is not sought until after discovery has closed and a summary judgment motion has been docketed, …" *Id.* at 19. The second, more rigorous standard, is applicable when discovery *has* closed and a motion for summary judgment has been filed. *Id.* In this case, fact discovery closed but no motion for summary judgment has yet been filed. The Court applies, however, the 12(b)(6) standard, which is more generous with respect to Summer Infant.

bad faith. R.I.G.L. § 6-41.1-3(b). Correlate to that is a list of factors which, again while not exhaustive, are indicative of an *absence* of bad faith. R.I.G.L. § 41-1-3(c). TOMY maintains that an examination of these two lists together reveal an intent in the Rhode Island statute to permit lawsuits only against what are colloquially termed "patent trolls" and that TOMY, not being a "patent troll," is exempt from its reach. A "patent troll" – also referred to as a "nonpracticing entity" -- is an entity that claims patent infringement essentially as a vehicle to extort money from a legitimate patent-holder. "Patent trolls are 'nonpracticing entities' who 'do not manufacture products, but instead hold … patents, which they license and enforce against alleged infringers." *Amgen, Inc. v. F. Hoffman-LaRoche Ltd.,* 581 F.Supp.2d 160, 210 (D. Mass. 2008). TOMY, as an inventor of its infant tub, contends that it is not a "patent troll" and is therefore not subject to being sued under the Rhode Island statute. Allowing Summer Infant to amend to assert a counterclaim against TOMY for bad faith assertion, TOMY reasons, would therefore be futile. Summer Infant, for its part, maintains that there is nothing in the Rhode Island statute that limits its use, and that the Magistrate Judge was wrong to construe it as applicable only to "patent troll" situations because the statute is not ambiguous and therefore allows no interpretation.

    Labels aside, it is clear that Summer Infant cannot meet any of the indicia outlined in the statute as indicative of a bad faith patent infringement assertion, and all the indicia *against* a conclusion of bad faith are present. I find on *de novo* review that Summer Infant's failure on the face of its pleading to come within the criteria of

the statute means it fails the plausible claim test. It does not fail for a likely lack of proof; it fails because it cannot surmount the *threshold* criteria defining a bad faith infringement assertion. The Magistrate Judge's Order goes through the statutory criteria in detail, and I will not repeat those details here.[2] It suffices to say that none of the indicia identified in (b)(1) through (8) – indicating the *presence* of bad faith -- are true here. While the Magistrate Judge noted that (b)(4) – TOMY's requiring a response "within an unreasonably short period of time" – might be arguable, I do not find it so. TOMY's Cease & Desist letter demanded a response within three (3) days, but as Summer Infant did in fact respond within that time period, it would be hard to argue it was unreasonably short. The other side of the coin – factors identified in (c)(1) through (6) as indicative of an *absence* of bad faith – is equally compelling. Because Summer Infant's pleading does not permit an inference that it can prove any of these criteria, it lacks plausibility and permitting the amended counterclaim would be futile.

Undue Delay

With respect to undue delay, Summer Infant contends that it filed its motion to amend as soon as discovery provided a factual basis for such a motion. The Court agrees with the Magistrate Judge's conclusion, however, that the Cease & Desist

---

[2] The factors indicating bad faith have largely to do with defects in the Cease & Desist letter, an absence of good faith diligence on the part of the sender in analyzing whether its patent has actually been infringed, and previous bad faith attempts to make the same claim. The factors indicating an absence of bad faith include the lack of defects in the demand letter, a good faith attempt by the patent-holder to negotiate, the status of the patent-holder as an inventor of the product, and the investment the patent-holder has made in the product. R.I.G.L. §6-41.1-3 (b) and (c).

letter (and its appended 13-page "claim chart") itself underlies Summer Infant's purported bad faith claim, and Summer Infant points to no specific information learned after fact discovery had closed that was necessary to formulate its bad faith claim.[3]

Having concluded that the motion to amend should be denied both because of undue delay and futility, I see no need to reach the preemption argument which would also act as a bar to the proposed Count II.

Summer Infant's motion to amend its counterclaim is DENIED.

IT IS SO ORDERED:

*/s/ Mary S. McElroy*
Mary S. McElroy,
United States District Judge

August 3, 2020

---

[3] The information Summer Infant learned at the third deposition of a TOMY witness relative to who conducted the analysis of products does not seem the kind of "make or break" information necessary to flesh out the proposed Count II claim. Summer Infant's excuse, therefore, that it could not move to amend until after it learned that information seems unreasonable.