UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

SUMMER INFANT (USA), INC.,

   *Plaintiff,*

   -against-

TOMY INTERNATIONAL, INC.,

   *Defendant.*

C.A. No. 17-cv-549-MSM-PAS

**SUMMER INFANT'S MOTION FOR RELIEF FROM SCHEDULING ORDER TO PERMIT THE DISCLOSURE OF EXPERT TESTIMONY NECESSITATED BY TOMY'S UNTIMELY ASSERTION OF CLAIM 17 OF THE PATENT-IN-SUIT**

On the last day for the disclosure of affirmative expert testimony, and months after the close of fact discovery, Defendant TOMY International, Inc. ("TOMY"), for the first time and in direct contrast to its earlier contentions regarding infringement, asserted that Plaintiff Summer Infant (USA), Inc.'s ("Summer Infant") Comfy Clean Deluxe Tub (the "Accused Tub") infringed Claim 17 of the patent-in-suit (U.S. Patent No. 6,578,209) (the '209 Patent). As a result of, and to remedy the prejudice arising from, that untimely disclosure of an infringement contention by TOMY, Summer Infant hereby moves for remedial relief in the form of an order allowing it to present expert testimony on matters as to which it would bear the burden of proof arising out of TOMY's untimely assertion of Claim 17 of the '209 Patent. The grounds for this motion are set forth below.

1. On November 27, 2017, Summer Infant filed its Complaint against TOMY International, Inc. ("TOMY") seeking a declaration that its Accused Tub did not infringe the '209 Patent.  Doc. 1.

2. On February 28, 2018, TOMY filed its Answer and Counterclaim alleging that the Accused Tub infringed the '209 Patent.  Doc. 8.

3. On March 31, 2018, Summer Infant filed a Counterclaim asserting that the '209 Patent was invalid.  Doc. 10.

4. During fact discovery (on September 19, 2018), Summer Infant propounded an interrogatory request on TOMY seeking, *inter alia,* the following: "Describe in detail the manner in which the Accused Product infringes any claim of the '209 Patent."  **Exhibit 1** at Interrogatory No. 6.

5. In answering that interrogatory, TOMY stated that "[b]ased on present information and belief, the Accused Product tub is covered by at least claims 1-8, 11-12, 15, 18, 21, 23-31." TOMY included with that interrogatory response a so-called claims chart regarding each of those claims.  **Exhibit 2**.  TOMY later supplemented that interrogatory response with an updated claims chart.  TOMY did not add any other claims, however.  **Exhibit 3**.  None of TOMY's claim charts purported to analyze the infringement of Claim 17.

6. As of the close of discovery, and indeed until the disclosure of expert witnesses by TOMY, TOMY had never contended that the Accused Tub infringed any claim of the '209 Patent other than Claims 1-8, 11-12, 15, 18, 21, and 23-31.

7. During fact discovery, TOMY propounded an interrogatory request on Summer Infant seeking the basis for its invalidity contentions.

8.     On July 2, 2019, Summer Infant supplemented its interrogatory answer to include its contentions regarding invalidity of the claims of the '209 Patent. Summer Infant set forth the basis upon which it contended that each and every claim of the '209 Patent was invalid and/or unenforceable, and specifically identified Claim 17 as being invalid under 35 U.S.C. § 112. **Exhibit 4.**

9.     The operative scheduling order in this case (Doc. 22) provides that "the party bearing the burden of proof on an issue shall make its expert witness disclosures as required by F.R.Civ.P 26(a)(2) within thirty (30) days of the Court's claim construction determination."[1] As a result of the travel of the case, that deadline was ultimately July 29, 2020.

10.     Because Summer Infant bears the burden of proof on invalidity, Summer Infant already was required to have disclosed any expert testimony it intended to offer affirmatively, which would include testimony relative to matters concerning the validity of claims at issue. Summer Infant did not disclose any such testimony.

11.     On the affirmative expert disclosure deadline, July 29, 2020, TOMY served its expert disclosures on infringement and damages, matters as to which it bears the burden of proof. In each expert report, TOMY's experts stated that "Claims 1-3, 5, 7, 11, *17*, 18, 21 and 30 are being asserted in this case" (emphasis added). **Exhibit 5** (excerpt of Expert Report of Charles Mauro at Par. 16). TOMY's liability expert opines that Claim 17 is infringed by the Accused Product, and provides an analysis of the same in his attached claim chart. *Id.* at Par. 18. TOMY's damages expert likewise states that "I understand from Counsel that TOMY has

---

[1] The Court's claim construction determination was issued on March 31, 2020. In accordance with the Text Order issued on April 15, 2020, in which a stay of the litigation was issued, as sought by Summer Infant, expert discovery was stayed in this case for a period of 90-days.

alleged that Summer Infant's Accused Product infringes claims 1-3, 5, 7, 11, *17,* 18, 21 and 30." Emphasis added.

12. Prior to TOMY's expert disclosures, TOMY had not asserted or raised Claim 17 as a claim it contended was infringed by the Accused Tub.

13. In light of TOMY having asserted a claim that it had not asserted during fact discovery, Summer Infant was concerned that it might not fully apprehend TOMY's contentions regarding which claims are at issue, despite having issued a clear interrogatory on the subject. To resolve this ambiguity, Summer Infant wrote to TOMY's counsel to confirm that TOMY's position is now that it is asserting infringement of Claims 1-3, 5, 7, 11, 17, 18, 21 and 30, and not other claims previously asserted. **Exhibit 6**. TOMY's counsel did not respond to the inquiry, despite a follow-up email requesting a response. **Exhibit 7.** Due to TOMY's refusal to respond, Summer Infant can only guess that TOMY's newfound contentions are as set forth in its expert reports; *i.e.*, TOMY is now asserting Claim 17.

14. At the time Summer Infant's expert disclosure on invalidity would have been due, TOMY had not asserted that the Accused Tub infringed Claim 17. As a consequence, Summer Infant did not disclose an expert to opine on issues as to which it might have the burden of proof with respect to Claim 17 or arising out of the assertion of Claim 17.

15. It would be manifestly unjust to allow TOMY to advance an infringement theory through its disclosed experts in a way that would prevent Summer Infant from responding with affirmative defenses to that theory – and yet that is precisely the situation engineered by TOMY in this case. *See Elan Pharma International Ltd v. Abraxis Bioscience, Inc.*, C.A. No. 06-438 GMS, 2007 WL 9811205, at * 1 n.2 (D. Del. Dec. 6, 2007) (dismissing newly added infringement contention included within the patentee's expert report and not disclosed within

fact discovery on the basis that "[s]ecreting infringement contentions until an opponent is left with no meaningful opportunity to address them through the process of fact discovery and expert opinions is not only inconsistent with the Federal Rules of Civil Procedure, but fundamentally unfair to an opponent").

16. Now that TOMY's infringement expert has opined that the Accused Tub infringes Claim 17, Summer Infant requests that this Court allow it to disclose expert testimony on issues as to which it might have the burden of proof with respect to Claim 17 or arising out of the assertion of Claim 17.

17. TOMY would suffer no prejudice by this allowance. Indeed, during fact discovery, Summer Infant appropriately disclosed its invalidity contentions, including those concerning Claim 17. Summer Infant has no objection to TOMY being permitted rebuttal expert testimony in due course. And, of course, if TOMY is prejudiced in some fashion, such prejudice is entirely attributable to its own late disclosure of this infringement contention.

18. Contrastingly, while TOMY would suffer no prejudice by this allowance, the prejudice to Summer Infant would be undue and severe if Summer Infant is not allowed to disclose an expert in response to this untimely disclosure by TOMY. Prior to TOMY's about-face in which it now asserts that the Accused Tub infringes Claim 17, Summer Infant had no reason to disclose expert testimony regarding Claim 17. Claim 17, simply, was not part of the case and its validity and enforceability were not at issue. Fundamental fairness requires that Summer Infant be allowed the basic rights the scheduling order contemplated – to present expert testimony on matters as to which Summer Infant bears the burden of proof arising out of TOMY's belated and untimely assertion that the Accused Tub infringes Claim 17.[2]

---

[2] Of course, Summer Infant reserves its right to raise, at the appropriate time, that TOMY's infringement contention as to Claim 17 be stricken in its entirety. *See, e.g. B-K Lighting, Inc. v. Vision3 Lighting*, 930 F.Supp.2d 1102 (C.D.

19. Granting this motion will not substantially alter the schedule for this case. If permitted, Summer Infant can make the requested affirmative disclosures at the same time it presents its rebuttal expert on infringement. That deadline is set forth in the Joint Stipulation, Doc. 75, entered as a Text Order on August 24, 2020. Because that deadline is tied to the as-yet unscheduled deposition of TOMY's infringement expert, and because that expert is unavailable for deposition until late September, 2020, that deadline is expected to be on or around October 1, 2020.

WHEREFORE, Summer Infant respectfully request that this Court enter an order allowing it to present expert testimony on matters as to which it would bear the burden of proof arising out of TOMY's untimely assertion of Claim 17 of the '209 Patent.

Dated: August 28, 2020

                                                           Plaintiff and Counterclaim Defendant,
Summer Infant (USA), Inc.
By its attorneys,

/s/ Jamie J. Bachant
Jeffrey K. Techentin [No. 6651]
jtechentin@apslaw.com
Jamie J. Bachant [No. 8800]
jbachant@apslaw.com
ADLER POLLOCK & SHEEHAN P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903
Tel: 401-274-7200
Fax: 401-351-4607

---

Cal. 2013) (striking an expert's infringement theory on a claim that was not set forth in the party's interrogatory response identifying infringement contentions).

## CERTIFICATE OF SERVICE

I hereby certify that on August 28, 2020, I filed the within through the ECF system and that notice will be sent electronically to all counsel who are registered participants identified on the Mailing Information for C.A. No. 1:17-cv-549-MSM-PAS.

/s/ *Jamie J. Bachant*

1021827.v1