# EXHIBIT 4



Joseph M. Kuo

Phone: 312.876.7151

joseph.kuo@saul.com

www.saul.com

November 29, 2017

*VIA EMAIL (jtechentin@apslaw.com)*
Jeffrey K. Techentin
Adler Pollock & Sheehan P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903-1345

      Re:    **TOMY International, Inc. (U.S. Patent 6,578,209)**
                 **Alleged Infringement by Summer Infant (USA), Inc.**

Dear Mr. Techentin:

      We write in response to your letter of November 27, 2017.

      We were surprised and disappointed to hear of your approach to responding to our letter, and particularly the declaratory judgment complaint. By filing the complaint, you send a message that you are uninterested in engaging in any discussions regarding our belief that the Summer Infant Comfy Clean Deluxe tub infringes one or more claims of U.S. Patent 6,578,209.

      Our client is fully prepared to litigate this matter; however, we remain hopeful that you will reconsider your actions and demonstrate some willingness to work towards an amicable resolution, as opposed to proceeding headlong with federal litigation. If you choose to proceed with the litigation, we believe your client will ultimately be found to infringe the '209 Patent, perhaps willfully, and be liable for damages and be enjoined from further infringing acts. Of course, proceeding with the litigation is not a prudent course of action given the expense and disruption associated therewith, and is particularly counterproductive given your representation that your client was redesigning the product. If, contrary to all indications, your client is actually interested in resolving this matter, you should voluntarily dismiss your complaint so that the parties can engage in substantive discussions.

      As for your non-infringement analysis, we do not consider your analysis to be meritorious. You argue that your client's tub does not infringe the '209 Patent because: (1) it does not meet the claim limitation requiring two seating surfaces disposed at differing inclinations based on two purportedly horizontal portions in the bottom of the Comfy Clean Deluxe tub, and (2) it does not have distinct bottom surfaces that are joined together. With all due respect, your analysis ignores both the teachings of the specification, as well as the plain words of the claims.

161 North Clark ♦ Suite 4200 ♦ Chicago, IL 60601
Phone: (312) 876-7100 ♦ Fax: (312) 876-0288

DELAWARE   FLORIDA   ILLINOIS   MARYLAND   MASSACHUSETTS   NEW JERSEY   NEW YORK   PENNSYLVANIA   WASHINGTON, DC
A DELAWARE LIMITED LIABILITY PARTNERSHIP

SAUL EWING ARNSTEIN & LEHR LLP
Jeffrey K. Techentin - Adler Pollock & Sheehan P.C.
November 29, 2017
Page 2

      Regarding your seating surfaces argument, as is clearly explained in the description of the preferred embodiment and Fig. 13, a seating surface is not simply a horizontal portion as you suggest. The '209 Patent describes bottom surface 64 as extending from the back rest 62 at an angle of approximately 45 degrees. '209 Patent at Col. 5, ll. 46-50. Seating surface 70 is described as extending from back rest 68. Id. at Col. 5, ll. 51-54. Both seating surfaces 64 and 70 are specifically claimed as extending to an apex, which is depicted as apex 66 in Fig. 13. See e.g., claim 1. As such, seating surface 70 is taught as extending from back rest 68 to apex 66, and includes both a generally horizontal portion and an inclined portion.



The specification then explains that the horizontal portion is of differing inclination from the sloped seating surface 64.

      In view of the foregoing, the corresponding seating surfaces of different inclinations in the Comfy Clean Deluxe tub are readily apparent. As shown below, it includes two general seating surfaces. I have included brackets to dispel any misconception that the reference to the seating surfaces in our earlier letter were limited to just the lowermost portion of the seating surface area. You appear to recognize this to be the case in your letter.



      As shown, there is a first seating surface (left side), which includes a portion that has an angle of around 60 degrees relative to horizontal, as well as a portion that is generally horizontal.

SAUL EWING ARNSTEIN & LEHR LLP
Jeffrey K. Techentin - Adler Pollock & Sheehan P.C.
November 29, 2017
Page 3

A second seating surface (right side) includes a portion that is generally horizontal, as well as a more upright portion. At least the inclined portion of one seating surface is of different inclination than the horizontal portion of the other seating surface. Your focus solely on portions of the seating surfaces in the Comfy Clean Deluxe tub that are supposedly the same, while ignoring others, is inappropriate in view of the teaching from the specification. Thus, this limitation of the claims is met by your client's tub.

Your other argument that the seating surfaces must be distinct surfaces is similarly unavailing. Your argument appears to require separate and distinct components that are manufactured in a particular way. This argument is clearly incorrect in this apparatus claim. Instead, the claimed seating surfaces are "joined" at the bottom surface apex in that they are merged together at the apex. Indeed, the '209 Patent specification expressly describes the preferred embodiment as molded as a one-piece body, which fully aligns with this understanding of "joined." There can be no doubt that the Comfy Clean Deluxe tub includes a bottom surface apex, that the seating surfaces extend thereto, and that the seating surfaces are joined, i.e., merged, at the apex. As such, this non-infringement argument is also incorrect. If this matter is litigated, we are confident the '209 Patent will be found to be infringed by the Summer Infant tub.

In addition, if this case is litigated, willful infringement of the '209 Patent will be an issue. Beyond the constructive notice provided by the patent marking on our client's product, it is apparent Summer Infant had actual knowledge of the '209 Patent, and that Summer Infant sought to copy our client's patented product. In fact, Summer Infant's current Vice President of Engineering, Mr. Dave Medeiros was the Vice President of Product Development for The First Years back in 2001 through 2005, i.e., when the '209 Patent was filed and granted, and the commercial product developed. In the event willful infringement is found, an award for attorneys' fees and treble damages will be sought.

That being said, we believe it is in the interests of both parties to discuss this matter before resorting to litigation. As such, please let us know if your client is actually interested in negotiating an amicable resolution. If it is interested, please confirm whether you will voluntarily dismiss the declaratory judgment complaint.

Very truly yours,

SAUL EWING ARNSTEIN & LEHR LLP

Joseph M. Kuo