# **EXHIBIT 7**

ADLER POLLOCK & SHEEHAN P.C.

One Citizens Plaza, 8th floor
Providence, RI  02903-1345
Telephone 401-274-7200
Fax 401-751-0604 / 351-4607

175 Federal Street
Boston, MA  02110-2210
Telephone 617-482-0600
Fax 617-482-0604

www.apslaw.com

June 26, 2019

*Via Electronic Mail (joseph.kuo@saul.com)*

Joseph M. Kuo
Saul Ewing Arnstein & Lehr LLP
161 North Clark
Suite 4200
Chicago, Illinois  60601

Re:   *Summer Infant (USA), Inc. v. TOMY International, Inc.*
      C.A. No. 17-cv-549-JJM-PAS (D. R.I.)

Dear Joe:

I write to request that TOMY formally clarify its infringement position with respect to the "seating surfaces" of the Accused Product.  TOMY has construed and applied the term "seating surface" in at least four different, and mutually-exclusive, ways since first asserting infringement.  Initially, in its November 14, 2017 cease and desist letter, TOMY identified the seating surfaces as the planar areas lateral to the central hump of the Accused Product:



After I responded, in my November 27, 2017 letter to you, that the essentially planar nature of the seating surfaces in the Accused Product was inconsistent with the claims, which required that the surfaces be "disposed at differing inclinations," you revised TOMY's explanation of what

ADLER POLLOCK & SHEEHAN P.C.

Joseph M. Kuo
June 26, 2019
Page 2

constitutes the "seating surfaces" to show that each of the surfaces included part of the central hump. Specifically, in your November 29, 2017 response to my letter, you included a revised depiction of the Accused Product, showing the seating surfaces in a manner that indicated that the entirety of the "hump" was a component of one or the other of the seating surfaces:



A year later, on November 26, 2018, TOMY's position was revised yet again in response to Summer Infant's interrogatories. At this point, TOMY expressed a third, different interpretation of "seating surfaces." For the toddler end of the Accused Product, TOMY reverted to its initial indication of the planar area that had been identified in your November 14, 2017 letter. As to the newborn/infant end, however, TOMY for the first time claimed that the seating surface was composed only of the vertical portion of the central "hump" "below [the] apex," as shown below:



**ADLER POLLOCK & SHEEHAN P.C.**

Joseph M. Kuo
June 26, 2019
Page 3

In its initial interrogatory responses, as had been the case in the earlier claim charts provided by TOMY, there was no reference made to what might be the "distal edge" referenced in the claims language. However, when TOMY supplemented its interrogatory responses on April 23 of this year, it provided an illustration of what it described as the "distal edge of [the] seating surface."



Because its supplemental responses had also included the photograph from its original interrogatories that explained that the seating surface for the newborn/infant side was the "vertical portion below [the] apex," Summer Infant understood that the right-most arrow in this new chart was indicating a point on the Accused Product that was the highest point on the "vertical portion" of the central "hump."

As for the toddler side of the Accused Product, the left-most arrow in this new chart clearly indicates the point at which the planar seating surface ends and the "hump" begins and thus Summer Infant understood that TOMY was asserting that the seating surface of the toddler side had a "distal edge" that was not on the central "hump."

When TOMY testified by deposition through Jennifer Gomes, it testified in a manner arguably consistent with the interrogatory responses. Ms. Gomes testified that as to the newborn/infant side of the Accused Product, the backrest ended "between the tangent area labeled as 2 and 5," *i.e.*, the seating surface would comprise at least the vertical portion of the "hump" (it is unclear how much of the "tangent area" would be backrest or seating surface).

ADLER POLLOCK & SHEEHAN P.C.

Joseph M. Kuo
June 26, 2019
Page 4

At the most recent Rule 30(b)(6) deposition, however, TOMY testified in a manner at odds with each and every one of its earlier explanations for "seating surface." Mr. Voss identified the seating surfaces by marking on the Accused Product as reproduced below:



You will recall that his testimony was that "A" marked the seating surface of the toddler side of the tub, outlined by a solid line, and that "B" marked the seating surface of the newborn/infant side, also outlined by a solid line. Mr. Voss further testified that each of those areas was subject to some interpretation as they would be defined by the actual use with actual babies, a variance that he indicated by the means of dotted lines. But regardless of this uncertainty, Mr. Voss (and TOMY) have now asserted that the newborn/infant seating surface is comprised of a combination of some part of the planar portion of the bottom surface and the more vertical portion of the "hump."[1] This is in direct opposition to TOMY's current interrogatory response.

Summer Infant is entitled to know how, exactly, TOMY believes that its product infringes on the asserted patent. That includes knowing what constitutes the two seating surfaces of the Accused Product, as without that information Summer Infant cannot evaluate TOMY's assertions regarding "inclinations" or "distal edges," among other matters. Even assuming TOMY has

---

[1] Mr. Voss also indicated that the "distal edge" on the newborn/infant side of the Accused Product is situated differently on the "hump" than had been indicated in the TOMY response.

ADLER POLLOCK & SHEEHAN P.C.

Joseph M. Kuo
June 26, 2019
Page 5

abandoned its earlier application of the claims language to the Accused Product, the fact that there exist different and mutually exclusive contentions (in the form of current interrogatory responses and Rule 30(b)(6) deposition testimony) on this most basic of information is improper.

Please advise TOMY's position at your earliest convenience so that we might avoid motion practice on this issue.

Very truly yours,


/s/ Jeffrey K. Techentin
jtechentin@apslaw.com

cc:   Jamie J. Bachant, Esq.
      Casey L. Bassett, Esq.

960548.v1