## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| SUMMER INFANT (USA), Inc.,<br>    Plaintiff,<br><br>    v.<br><br>TOMY INTERNATIONAL, Inc.,<br>    Defendant. | C.A. No. 17-00549-MSM-PAS |

## MEMORANDUM AND ORDER

Mary S. McElroy, United States District Judge.

This matter is before the Court on defendant TOMY International, Inc.'s ("TOMY") objection (ECF No. 137) to the Report and Recommendation issued by Magistrate Judge Patricia A. Sullivan ("R & R") (ECF No. 135) on August 31, 2022. Defendant's objection encompasses matters referred and decided by Magistrate Judge Sullivan pursuant to 28 U.S.C. §636 (b)(1)(A) as well as those for which she issued an R & R pursuant to 28 U.S.C. §636(b)(1)(B).   Matters decided pursuant to 28 U.S.C. §636(b)(1)(A) are reviewed by this Court and reconsidered only if the decision is "clearly erroneous or contrary to the law." *Id.*  Matters for which the Magistrate Judge issued reports and recommendations and to which a party files a written objection, the Court must review de novo.

## I.    BACKGROUND

TOMY is the owner of U.S. Patent No. 6,578,209 ("'209 Patent"), titled "Tubs for Bathing Infants and Toddlers," and sells an infant/toddler bathing tub ("TOMY

Tub") that it contends is a commercial embodiment of at least one claim in the '209 Patent.  Plaintiff Summer Infant (USA), Inc., ("Summer Infant") began selling an infant/toddler bathing tub ("Accused Tub") in 2017 in competition with the TOMY Tub and initiated this action seeking a declaration that the Accused Tub does not infringe TOMY's '209 Patent.  TOMY counterclaimed for infringement of the '209 Patent, and Summer Infant responded with a claim that the '209 Patent is invalid.

On August 31, 2022, Magistrate Judge Sullivan responded to several motions from both parties.  By separate text order, the Magistrate Judge decided the parties' cross motions pursuant to *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993) ("*Daubert*"), denying TOMY's motion to partially exclude the infringement opinions of Summer Infant's technical expert, Mr. Gordon (ECF No. 84), and granting Summer Infant's motion to preclude TOMY's expert, Mr. Mauro, from testifying about certain of his infringement opinions (ECF No. 94).[1]  In her R & R, the Magistrate Judge analyzed the parties' cross motions for partial summary judgment and recommended that this Court deny TOMY's motion for summary judgment on infringement, grant TOMY's motion for summary judgment on Summer Infant's affirmative defense of invalidity, and enter judgment on this complaint in favor of Summer Infant by declaring that the Accused Tub does not infringe the '209 Patent.  In response, TOMY objected to the Magistrate Judge's order striking certain of Mr. Mauro's infringement

---

[1] The Magistrate Judge also granted in part and denied in part Summer Infant's *Daubert* motion to preclude TOMY's damages expert from testifying (ECF No. 95) and its combined motion to strike evidence for containing inadmissible hearsay and preclude TOMY from arguing willfulness (ECF No. 107).  Because the Court's adoption of the Magistrate Judge's R & R moots such issues, these determinations do not require additional discussion.

opinions as well as her R & R recommending a finding of non-infringement.  (ECF No. 137.)

## II.   STANDARD OF REVIEW

Rule 72 requires that non-dispositive motions decided by a magistrate judge be modified or set aside only if they are "clearly erroneous or contrary to the law." Fed R. Civ. P. 72(a).  By contrast, when a magistrate judge issues recommendations on a dispositive motion, district court review is de novo.  *See* Fed. R. Civ. P. 72(b). Here, Magistrate Judge Sullivan's recommendations regarding the parties' motions for summary judgment are reviewed de novo, while her decisions denying TOMY's *Daubert* motion and partially granting Summer Infant's *Daubert* motion are reviewed for clear error.  TOMY claims that the latter of these decisions constitutes a dispositive motion, because the partial exclusion of its technical expert's opinions on infringement is critical to Magistrate Judge Sullivan's ultimate recommendation of non-infringement, and that therefore this decision should be reviewed de novo. (ECF No. 139.)  The Court is unpersuaded by this argument.  *Daubert* motions are not among those enumerated in 28 U.S.C. §636 (b)(1)(A), nor are they of the same character as the listed motions.  Many motions decided pursuant to 28 U.S.C. §636 (b)(1)(A) can affect the ultimate disposition of a legal action; parties would not raise them if they did not expect them to have an effect.  But a decision to preclude certain expert testimony does not by itself dispose of a case or any claim or defense within it. Therefore, the Magistrate Judge's decision on this matter is reviewed for clear error.

3

## III.   DISCUSSION

The motions referred and decided by Magistrate Judge Sullivan pursuant to 28 U.S.C. §636 (b)(1)(A) are undoubtedly intertwined with those for which she issued an R & R pursuant to 28 U.S.C. §636(b)(1)(B).  Still, the Court must consider each in turn according to its appropriate standard of review.

### A.  Motions Decided by the Magistrate Judge

#### 1.  Motion to Exclude Opinions of TOMY's Technical Expert

Magistrate Judge Sullivan denied the portion of Summer Infant's *Daubert* motion seeking to exclude Mr. Mauro's infringement opinions that were based on his alleged failure to consider the curved surfaced of the Accused Tub (ECF No. 94 at 30-34) and granted the portion seeking to exclude those of Mr. Mauro's infringement opinions that relied on equating the Accused Tub's seating design with the seating design described in the '209 Patent.  *Id.* at 42-44.  The Magistrate Judge determined that Mr. Mauro's equation of the Accused Tub's seating design, with its "single essentially horizontal bottom surface extending from one back rest to the other with a convex central hump rising vertically in the center," with the '209 Patent's description of "two seating surfaces disposed at differing inclinations and extending from respective back rests to distal edges joined at a bottom surface apex," was akin to Mr. Mauro forcing a square peg into a round hole.  (ECF No. 135 at 22-24.)

TOMY objects to this determination, but the Court is unpersuaded by its arguments.  TOMY first contends that Judge Sullivan "added requirements to the claimed 'seating surfaces' regarding how a vertical portion of the Accused Tub's

bottom surface central 'hump' interacted with a child in the seat." (ECF No. 139 at 8.) But the consideration of how a child would sit in the tub did not add requirements to the scope of the claims. Rather, this analysis was necessary to determine whether Mr. Mauro ignored the Court's construction that the term "seating surface" must be interpreted consistent with its ordinary and plain meaning. Ultimately, Magistrate Judge Sullivan determined that "a seating surface for a toddler or infant, in the plain and ordinary meaning of the term, simply does not reference a surface that is vertical or nearly so." (ECF No. 135 at 23.) The Court finds no clear error in this determination.

TOMY also argues that the Magistrate Judge made a clear error of fact in characterizing the "hump" as having "two nearly vertical sides," because one side of the Accused Tub's "hump" is less steeply inclined than the other. (ECF No. 139 at 8-9.) But the Court finds this to be a fair description of this portion of the Accused Tub, which, in the Court's view, has one vertical side and one side that is, as Magistrate Judge Sullivan described, "nearly vertical." (ECF No. 135 at 23.) Because there is nothing in this portion of the Magistrate Judge's decision that is "clearly erroneous or contrary to the law," the Court declines to reconsider it. 28 U.S.C. §636(b)(1)(A).

### 2. Motion to Exclude Opinions of Summer Infant's Technical Expert

The Magistrate Judge also denied TOMY's *Daubert* motion (ECF. No. 84) to exclude portions of the testimony of Summer Infant's Technical Expert, Mr. Gordon. TOMY does not object to this decision.

### B. Motions for which the Magistrate Judge Issued a Report and Recommendation

### 1. TOMY's Motion for Partial Summary Judgment

Magistrate Judge Sullivan recommended the Court grant TOMY's Motion for Partial Summary Judgment relative to Summer Infant's affirmative defense of invalidity and deny the Motion relative to infringement (ECF No. 87). There is no objection from either party regarding the Magistrate Judge's invalidity recommendation, and it is unclear if TOMY objects to the infringement recommendation. In any event, the Magistrate Judge's decision to admit Mr. Gordon's testimony – to which TOMY does not object – presents genuine issues of fact as to whether the Accused Tub infringes. As such, the Court adopts her recommendations on TOMY's Motion for Partial Summary Judgment in full for the reasoning set forth in the R & R.

### 2. Summer Infant's Motion for Summary Judgment

The Magistrate Judge recommended the Court grant Summer Infant's Motion for Summary Judgment and issue a declaration of non-infringement in favor of Summer Infant and against TOMY (ECF No. 99). Like all the determinations in the Magistrate Judge's R & R, the Court reviews this recommendation de novo. *See* 28 U.S.C. §636(b)(1)(B). After a thorough review of the record and the papers, the Court agrees with the Magistrate Judge for the reasons stated in her R & R, which provides a fair consideration of the facts and a well-reasoned discussion of the relevant law. TOMY objects to this recommendation, arguing that the Magistrate Judge's infringement analysis should be rejected because it describes the '209 Patent's bottom

surface apex as extending the width of the tub bottom, which is not specifically cited in the Court's claim construction. (ECF No. 137 at 3-7). The Court disagrees. Not only does the Judge's explanation of the claim construction for the bottom surface apex include multiple references to the "width of the tub" (ECF No. 54 at 18-19), but more importantly, the recommendation does not rest on this feature. TOMY's '209 Patent calls for two seating surfaces that rise at different angles to a bottom surface apex. The Accused Tub has a flat bottom surface with a central hump to prevent an infant from slipping. These structures are not equivalent, and neither the facts nor the admitted expert testimony can support TOMY's infringement theory. For these reasons, the Court adopts the Magistrate Judge's recommendations on Summer Infant's Motion for Summary Judgment in full.

## IV.   CONCLUSION

The Court ADOPTS the Magistrate Judge's R & R (ECF No. 137) in its entirety for the reasoning set forth therein. TOMY's Motion for Partial Summary Judgment (ECF No. 87) is GRANTED with respect to Summer Infant's affirmative defense of invalidity and DENIED as to infringement. Summer Infant's Motion for Summary Judgment (ECF No. 99) is GRANTED. Judgment on Summer Infant's complaint and TOMY's counterclaim is entered in favor of Summer Infant and against TOMY; the Accused Tub does not infringe the '209 Patent. All other claims and counterclaims are dismissed with prejudice.

IT IS SO ORDERED.

Mary S. McElroy
United States District Judge

January 19, 2022