UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| KIDS2, LLC, f.k.a. Summer Infant (USA), Inc., Plaintiff, | : | |
| v. | : | C.A. No. 17-549MSM |
| TOMY INTERNATIONAL, INC., Defendant. | : | |

**MEMORANDUM AND ORDER**

PATRICIA A. SULLIVAN, United States Magistrate Judge.

Defendant TOMY International, Inc., ("TOMY") is the owner of U.S. Patent No. 6,578,209 ("'209 Patent"), titled "Tubs for Bathing Infants and Toddlers." TOMY sells an infant/toddler bathing tub, the "Sure Comfort Deluxe Newborn to Toddler Tub" ("TOMY Tub"), that it contends is a commercial embodiment of at least one claim in the '209 Patent. Beginning in 2017, Plaintiff Kids2, LLC, f.k.a. Summer Infant (USA), Inc., ("Kids2") began selling an infant/toddler bathing tub (the "Accused Tub,") in competition with the TOMY Tub. This case arises from TOMY's claim, hotly disputed by Kids2, that the Accused Tub meets every limitation of at least three independent claims (Claims 1, 23 and 30) of the '209 Patent, either literally or under the doctrine of equivalents.

Now pending before the Court and referred to me for determination are two motions, ECF Nos. 158, 165. Also pending but not referred are the parties' new set of dueling motions for summary judgment. ECF Nos. 159, 161.

The referred motions are the following:

- TOMY's motion, ECF No. 158, to exclude certain paragraphs in the original and supplemental reports setting out the noninfringement opinions of Joseph Gordon

(Kids2's expert) pursuant to Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579 (1993) ("Daubert")[1]; and

- Kids2's motion, ECF No. 165, to strike one paragraph of Charles Mauro's Supplemental Expert Report (ECF No. 165-2 ¶ 40) and the entirety of two new (that is, post-expert discovery) Declarations from Mr. Mauro (ECF Nos. 158-2, 159-2) as untimely because they exceed the scope of the opinions that Mr. Mauro properly submitted during the expert phases.

## I. Procedural Background

In 2019/2020, this Court issued its Claims Construction determinations. Summer Infant (USA), Inc. v. TOMY Int'l, Inc., C.A. No. 17-549JJM, 2019 WL 4596780, at *8 (D.R.I. Sept. 23, 2019), adopted, 2020 WL 1531403 (D.R.I. Mar. 31, 2020) ("Kids2 I"). In reliance on these determinations, as relevant here, the Court next decided the parties' Daubert motions, challenging respectively the admissibility of portions of the infringement opinions of Kids2's expert, Mr. Gordon (Daubert motion denied), and of the infringement/damages opinions of Mr. Mauro (Daubert motion granted in part and denied in part). Summer Infant (USA), Inc. v. TOMY Int'l, Inc., C.A. No. 17-549MSM, 2022 WL 3909285, at *8-14 (D.R.I. Aug. 31, 2022), adopted, 2023 WL 313959 (D.R.I. Jan. 19, 2023) ("Kids2 II"); Text Order of Aug. 31, 2022. In this decision, the Court also denied both TOMY's motion for summary judgment to the extent that it sought judgment of infringement and willfulness against Kids2 and Kids2's motion for summary judgment of non-infringement against TOMY. Id. at *14-17.[2]

[1] Having carefully reviewed the Daubert motion (as well as the related motion for summary judgment), the Court finds that an evidentiary hearing is not necessary and exercises its discretion not to hold one in connection with the exercise of its gatekeeping function. United States v. Phillipos, 849 F.3d 464, 471 (1st Cir. 2017), as clarified on denial of reh'g, 869 F.3d 15 (1st Cir. 2017).

[2] Not pertinent to what is now in issue, the Court granted a different aspect of TOMY's motion for summary judgment, rejecting Kids2's affirmative defense of invalidity. Kids2 II, 2022 WL 3909285, at *4. That determination was not impacted by the appeal.

On appeal from many but not all of the District Court's determinations,[3] the Federal Circuit issued a nonprecedential decision that affirmed in part, reversed in part and remanded the case for further proceedings. Kids2, LLC v. TOMY Int'l, Inc., No. 2023-1524, 2025 WL 87335, at *3-8 (Fed. Cir. Jan. 14, 2025) ("Kids2 III"). Specifically, the Federal Circuit affirmed this Court's claim construction determinations, except (in a divided opinion) it held that Claim 1 must be more broadly interpreted to encompass indirect joinder of the two seating surfaces to a third intervening structure. Id. at *4-5. Based on its holding that this Court erred in adopting the narrower view that Claim 1 requires that the edges of the seating surfaces must be joined to each other, the Federal Circuit reversed this Court's grant of Kids2's motion for summary judgment and its exclusion of the portions of the Mauro opinions that clashed with the narrower interpretation, including the portion of the Mauro opinion that posits that the seating surface(s) in the Accused Tub includes the substantially vertical portion, which this Court (and the dissenting opinion by Circuit Judge Chen) had labeled as "illogical." Id. at *6-8; see id. at *9 (Chen, J., dissenting-in-part); Kids2 II, 2022 WL 3909285, at *10. However, despite its holding that excluded portions of the 2020 Mauro opinions are "not inconsistent with the correct claim construction," the Federal Circuit left open whether there may be other grounds for this Court to exclude the opinions in the Mauro 2020 expert report on remand. Kids2 III, 2025 WL 87335, *6 & n.5. And, mindful of its broader claim construction, the Federal Circuit also carefully considered and unanimously affirmed this Court's denial of summary judgment of infringement in favor of TOMY:

[3] Pertinent to what is now in issue, TOMY did not file a Fed. R. Civ. P. 72(a) objection to my denial of its motion to exclude various aspects of the Gordon opinions. Nor was this determination challenged by TOMY on appeal. Therefore, the law of the case on the admissibility of the Gordon opinions rests on the analysis in my report and recommendation, Kids2 II, 2022 WL 3909285, at *11-14, with the actual determination by Text Order of Aug. 31, 2022.

> [W]e affirm the district court's denial of TOMY's motion for summary judgment of infringement. While we have set out above a portion of the evidence from which a reasonable factfinder, taking the evidence in the light most flattering to TOMY, could find that Kids2's Comfy Clean Deluxe tub infringes the '209 patent, nothing we have said should be taken to mean that such a factfinder would be compelled to make such a finding. Viewing the evidence in the light most favorable to Kids2, as the party opposing TOMY's motion, a reasonable factfinder is clearly free to reject Mr. Mauro's opinion and the other evidence we have highlighted and, consequently, find no infringement. Thus, TOMY is not entitled to summary judgment.

Kids2 III, 2025 WL 87335, at *8 (emphasis supplied).[4]

Following remand, the Court set a schedule permitting supplemental expert discovery to allow the experts to adjust their infringement opinions in light of the broader construction adopted by the Federal Circuit. Text Order of Oct. 10, 2025. During this new expert phase, both parties submitted the 2025 supplemental reports from their experts (Mr. Gordon and Mr. Mauro) and the experts were deposed. The supplemental expert discovery phase of the case closed on January 30, 2026. Text Order of Oct. 10, 2025, amended by Text Order of Feb. 25, 2026 (amending only dispositive motion deadline).

## II. TOMY's Motion to Exclude Portions of Mr. Gordon's Opinions

### A. Standard of Review – Daubert and Law of the Case

#### 1. Daubert

The Court must determine whether the proffered expert testimony meets the requirements of Fed. R. Evid. 702 as based on "scientific, technical, or other specialized knowledge [that] will assist the trier of fact" and that it is reliable, relevant and helpful to the case at hand. Daubert, 509 U.S. at 588, 597 (internal quotation marks omitted); ADP Marshall, Inc. v. Noresco, LLC,

[4] Not referred to me is TOMY's new motion for summary judgment (ECF No. 159), in opposition to which Kids2 focuses on this holding and argues that TOMY's new motion should be denied based on the mandate rule, which forecloses reconsideration of issues decided on appeal, and because this aspect of the Federal Circuit's determination is law of the case. ECF No. 167 at 4-7.

710 F. Supp. 2d 197, 225-26 (D.R.I. 2010). Rule 702/Daubert requires the Court to act as a gatekeeper to determine "whether the reasoning or methodology underlying the testimony is scientifically valid and . . . properly can be applied to the facts in issue." Beacon Mut. Ins. Co. v. Onebeacon Ins. Grp., 253 F. Supp. 2d 221, 222 (D.R.I. 2003) (alteration in original) (quoting Daubert, 509 U.S. at 592-93); see Kumho Tire Co. v. Carmichael, 526 U.S. 137, 148 (1999). Experts tie observations to conclusions through the use of "general truths derived from . . . specialized experience." Kumho Tire Co., 526 U.S. at 148 (alteration in original) (quoting Learned Hand, Historical and Practical Considerations Regarding Expert Testimony, 15 HARV. L. REV. 40, 54 (1901)). The Court's task is to ensure that the expert's testimony both rests on a reliable foundation and is relevant to the matter. Cruz-Vazquez v. Mennonite Gen. Hosp., Inc., 613 F.3d 54, 57 (1st Cir. 2010); Wai Feng Trading Co. Ltd v. Quick Fitting, Inc., C.A. No. 13-33WES, 2018 WL 6726557, at *7 (D.R.I. Dec. 21, 2018).

That the factual underpinning of the expert's opinion is weak is a matter affecting the weight and credibility of the testimony and is a question to be resolved by the jury. Martínez v. United States, 33 F.4th 20, 24 (1st Cir. 2022). Thus, while nothing in either Daubert or the Rules of Evidence requires a district court to admit opinion evidence connected to existing data only by the *ipse dixit* of the expert, McGovern ex rel. McGovern v. Brigham & Women's Hosp., 584 F. Supp. 2d 418, 424 (D. Mass. 2008), disagreements about the weight or persuasiveness of an expert's opinions go to the jury. Seahorse Marine Supplies, Inc. v. P.R. Sun Oil Co., 295 F.3d 68, 81 (1st Cir. 2002) ("The ultimate credibility determination and the testimony's accorded weight are in the jury's province."). Indeed, our Circuit warns against excluding evidence "from jurors' scrutiny for fear that they will not . . . satisfactorily weigh its inadequacies." Ruiz-Troche v. Pepsi-Cola of P.R. Bottling Co., 161 F.3d 77, 85 (1st Cir. 1998); see E.E.O.C. v. Citizens

Bank, C.A. No. 19-362WES, 2023 WL 2446319, at *3 (D.R.I. Mar. 10, 2023) ("Exclusion under Rule 403 is extraordinary and to be invoked sparingly.") (internal quotation marks omitted). On the other hand, expert testimony that conflicts with the Court's claim construction is inadmissible and should be excluded. See Finjan, Inc. v. Secure Computing Corp., 626 F.3d 1197, 1207 (Fed. Cir. 2010) (exclusion of expert testimony that "attempted to resurrect a claim construction that the district court already rejected").

2. Law of the Case

"Writ large, the law of the case doctrine 'posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case.'" United States v. Matthews, 643 F.3d 9, 12 (1st Cir. 2011) (quoting Arizona v. California, 460 U.S. 605, 618 (1983)). Law of the case means that "a legal decision made at one stage of a civil . . . case, unchallenged in a subsequent appeal despite the existence of ample opportunity to do so, becomes the law of the case for future stages of the same litigation." United States v. Bell, 988 F.2d 247, 250 (1st Cir. 1993). The doctrine bars a party from resurrecting issues that either were, or could have been, decided on an earlier appeal. See United States v. Connell, 6 F.3d 27, 30 (1st Cir. 1993). "[T]he aggrieved party is deemed to have forfeited any right to challenge that particular decision at a subsequent date." Bell, 988 F.2d at 250.

**B. Analysis**

Based on Daubert, TOMY seeks to exclude twelve paragraphs (¶¶ 36-47) of Mr. Gordon's 2020 original expert report and sixteen paragraphs (¶¶ 15-17, 19, 23 and 46-56) of his 2025 report. ECF No. 158. Broadly, these paragraphs pertain to (a) Mr. Gordon's opinions that the curvy freeform surfaces of the Accused Tub differ materially from the inclined sidewalls and seating surfaces claimed in the '209 patent and (b) Mr. Gordon's helpful-to-the-fact-finder

illustrations to distinguish the seating surface(s) and seating positions in the Accused Tub from what is claimed (as interpreted by this Court and the Federal Circuit) in the ’209 patent by use of the TOMY Tub.

The problem for TOMY is that these are essentially the same arguments that this Court rejected in its 2022 decision finding that “Mr. Gordon did not misinterpret or go outside of the Court’s claims construction and that his methods are sound and have resulted in opinions that are reliable and relevant, with illustrations and comparisons that will be helpful to the jury.”[5] Kids2 II, 2022 WL 3909285, at *14. That decision has not been challenged or altered on appeal and remains the law of this case on that point. Fatal to the motion, TOMY fails to grapple with this problem; that is, it fails to point to any aspect of the Gordon opinions that conflicts with the new and broader claims construction (more broadly reading Claim 1 to cover indirect-by-an-intervening-structure joinder of the seating surface edges) that was established by the Federal Circuit and is now the controlling construction. Had TOMY persuasively done so, the Court would find that any such portion of Mr. Gordon’s opinion is inadmissible and should now be excluded. But it did not. TOMY’s arguments all relate to issues have been decided and, as the judicial official who made those decisions, I rely on the prior decision, not only as the law of the case (which it is), but also as properly decided in that TOMY has provided no basis for reconsideration of the Court’s prior Daubert decision as to the admissibility of Mr. Gordon’s opinions.

[5] Although two of the challenged paragraphs (¶¶ 16-17) consist of Mr. Gordon’s comments on Mr. Mauro’s supplemental report, they are not new. These paragraphs duplicate the opinions that Mr. Gordon had included in his original report, restated to reflect the restatement of the same material by Mr. Mauro in his supplemental report. See ECF No. 158-5 ¶¶ 45-47. Therefore, although these paragraphs comment on the 2025 supplemental report, TOMY’s challenge to them is based on the same reason that the Court rejected in the 2022 decision.

The only challenged content that is arguably new is Mr. Gordon's comparative "ratio" measurements in ¶ 23 (ECF No. 158-6 at 11) of his 2025 supplemental expert report. In this paragraph, Mr. Gordon mathematically compares the Accused Tub and the TOMY Tub as another way to illustrate what he opines is one of the fundamental flaws in both Mr. Mauro's original report and his 2025 supplemental report – the "absurd assertion" that the infant-side seating surface is a tiny vertical wall. Id. While new (because it uses ratios that were not included in the original Gordon report), this approach is consistent with the approach Mr. Gordon used in his 2020 report, as to which the Court specifically found that such illustrative comparisons (then based only on the water pooling test and CAD drawings) would be helpful to the fact finder with an appropriate instruction that the comparisons apply only if the fact finder accepts "TOMY's position that the TOMY Tub is a commercial product [that] meets all of the claim limitation." Kids2 II, 2022 WL 3909285, at *13 (internal quotation marks omitted). The Court rejects TOMY's new version of the same arguments as applied to yet another illustrative comparison for the same reasons.

TOMY's Daubert motion (ECF No. 158) to exclude the challenged paragraphs of Mr. Gordon's 2020 and 2025 reports is denied.

## III. Kids2's Motion to Strike Various of Mr. Mauro's Opinions

In this motion, Kids2 does not challenge the Federal Circuit's determination regarding the admissibility of the 2020 Mauro opinions and does not invoke Daubert to relitigate its challenge to Mr. Mauro's 2020 report, nor (except for ¶ 40, which TOMY concedes should not have been included) does this motion challenge the reliability and relevancy of Mr. Mauro's 2025 opinions as contained in the supplemental expert report (and corrections to it) that was

timely served during the new expert discovery phase.[6] Rather, it seeks the Court's intervention because, after the expert phase closed (when it was too late to ask deposition questions or to submit a rebuttal), TOMY had Mr. Mauro sign two brand new Declarations, one that is attached to its new summary judgment motion (ECF No. 159-2) and one that introduces a new water pooling illustration and is attached to its motion to exclude portions of the Gordon opinions (ECF No. 158-2).

In opposition to Kids2's motion to strike the new Declaration in support of the summary judgment motion, TOMY argues vociferously that the Declaration is not new but rather is entirely grounded in Mr. Mauro's timely submitted expert reports. But if that is so, the Court wonders, why has TOMY bothered to submit it? That is, why not rely on the Mauro opinions that clearly appear in his timely-filed 2020 and 2025 reports? Indeed, the new Declaration attaches the timely-filed reports, so (assuming TOMY is correct in arguing that the new Declaration has no new opinions), TOMY is not prejudiced by the striking of the new Declaration as the underlying reports are already part of the summary judgment record.

Recapping, the Court finds that, if TOMY is right and there really is nothing new, the new Declaration is unnecessary and confusing to the extent that it uses different words and

[6] In contrast, Kids2's unreferred-to-me motion for summary judgment includes a direct Daubert-based attack on the 2020 Mauro report and the 2025 Mauro report, to the extent that each relies on the proposition that a seating surface can be vertical. ECF No. 161-1 at 17-29. Kids2's embedded Daubert challenge rests on this Court's holding (affirmed by the Federal Circuit) that the plain-meaning construction of "seating surface" as a part on which one rests when sitting. Kids2 II, 2022 WL 3909285, at *10-11 ("seating surface" in plain and ordinary meaning is not vertical); adopted, 2023 WL 313959, at *2 (same). The Court rejected this aspect of Mr. Mauro's 2020 report not only because it clashed with the erroneously narrow construction pertaining to the joinder of the seating surfaces (which the Federal Circuit reversed), but also because Mr. Mauro's labeling of a vertical structure as a seating surface is "illogical" and fails to meet Daubert's reliability requirement. Id.; see Kids2 III, 2025 WL 87335, at *5-6 (affirming construction of "seating surface" but reversing exclusion of Mauro opinion to extent it clashed with erroneously narrow interpretation of Claim 1). Kids2 points to the Federal Circuit's footnote 5, which makes clear that, while it found Mr. Mauro's opinions "not inconsistent" with the broader construction contemplating indirect joinder, it also held that there may be other grounds to exclude portions of the Mauro opinions. Kids2 III, 2025 WL 87335, at *6 n.5. However, Kids2 does not assert this contention in the motion to strike that has been referred to me, so I am not applying this analysis in this Memorandum and Order.

phrases to say what TOMY insists is the same thing. To that extent, the new Declaration should be stricken as unnecessary surplusage that merely confuses an already exceedingly complicated record. And to the extent that Kids2 is right and it does contain new opinions, the new Declaration must be stricken as introducing improperly and prejudicially late new expert opinions pursuant to Fed. R. Civ. P. 37(c)(1). See Poulis-Minott v. Smith, 388 F.3d 354, 358 (1st Cir. 2004) (rules ensure party does not gain unfair advantage by "potentially depriv[ing] a [party] of the opportunity to 'depose the proposed expert, challenge his credentials, solicit expert opinions of his own, or conduct expert-related discovery'") (quoting Lohnes v. Level 3 Communications, Inc., 272 F.3d 49, 60 (1st Cir. 2001)); Venkataraman v. Kandi Techs. Grp., Inc., No. 20 Civ. 8082 (DEH), 2025 WL 2770640, at *5 (S.D.N.Y. Sept. 26, 2025) ("Accordingly, courts in this Circuit routinely exclude expert testimony disclosed for the first time during summary judgment briefing."); Cooper v. Meritor, Inc., NO. 4:16-CV-52-DMB-JMV, 2019 WL 545187, at *6 (N.D. Miss. Feb. 11, 2019) ("[I]t is appropriate to strike or exclude from consideration expert affidavits which are filed after the expert disclosure deadline and which amount to new opinions.").

Based on the foregoing, the Court finds that there is no need for it to struggle to untangle whether the new Declaration improperly stretches the timely opinions past what TOMY may fairly rely on (which the Court finds that it seems to do in at least some of the instances highlighted by Kids2). Instead, the Court orders that the Declaration docketed at ECF No. 159-2 (but not the 2020 and 2025 reports referenced in the Declaration as Exhibits A and B) is hereby stricken whether because there is no need for a new Declaration that confusingly uses different words to say the same thing and/or, to the extent it does not say the same thing, because the new opinions are improperly and prejudicially late.

TOMY's other new Declaration (ECF No. 158-2) was submitted in support of its motion to exclude the portion of each of the Gordon reports that relies on the so-called water pooling test. This one unambiguously presents a new opinion based on Mr. Mauro's alternative water pooling test, which TOMY presented for the first time well after the close of expert discovery. And TOMY's only argument to justify this tactic – that it did not anticipate that Mr. Gordon would continue to rely on his water pooling test in his supplemental report – is particularly hollow where that precise aspect of the 2020 Gordon report was the subject of attack in TOMY's first Daubert motion and was specifically found to be permissible by the Court in Kids2 II, 2022 WL 3909285, at *13. It makes no sense that Kids2 would now abandon this helpful-to-the-fact-finder illustration that it fought hard and won the right to present. Kids2 has been deprived by the timing of this new Declaration of its right to cross-examine Mr. Mauro about what he did or to submit a rebuttal from Mr. Gordon. Accordingly, in reliance on the law adverted to *supra*, the Court finds that this new Declaration is filed prejudicially late and rules that it too is stricken.

Turning last to Kids2's motion to strike ¶ 40 of Mr. Mauro's 2025 report, TOMY has conceded that Mr. Mauro's inclusion of this paragraph was an error and, in light of that concession, asks that the motion to strike it be denied as moot. ECF Nos. 165; 179 at 1-2. With multiple versions of various expert reports (including Mr. Mauro's several corrections), I decline to adopt this approach. The offending paragraph was included in the report. It should be stricken. To that extent, Kids2's motion to strike is granted.

## IV. Conclusion

Based on the reasons stated above, TOMY's Daubert motion to exclude portions of the opinions of Mr. Gordon is DENIED. ECF No. 158. And Kids2's motion to strike ¶ 40 of Mr. Mauro's 2025 expert report, as well as to strike Mr. Mauro's two post-expert discovery

Declarations (ECF Nos. 158-2 and 159-2), but not the reports referenced in ECF No. 159-2 as Exhibits A and B, is GRANTED. ECF No. 165.

/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
September 28, 2026